LILLIAN R. ENGELMAN, n/k/a LILLIAN R. STIEGMAN, Plaintiff-Appellant, v. ELMER R. ENGELMAN, SR., Executor of the Estate of EDGAR J. ENGELMAN, Deceased, Defendant-Appellee.

(No. 12416;

Fourth District—April 3, 1975.

John A. Lambright, of Danville, for appellant.

M. Eugene Wright, of Danville, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant, Lillian R. Stiegman, appeals from an order of the circuit court of Vermilion county entered August 9, 1973, denying her motion to vacate an order entered June 22, 1973, dismissing her petition to modify a divorce decree, finding her in contempt of court, awarding attorney fees to defendant executor, and ordering her to place certain bonds into the possession of the court. Plaintiff also appeals from an order entered on August 24, 1973, striking plaintiff's motion to file an amended petition to modify or vacate the divorce decree.

On October 21, 1969, Lillian R. Engelman, now Lillian R. Stiegman and Edgar J. Engelman, now deceased, obtained a divorce. A property settlement agreement was incorporated into the decree the pertinent provisions of which are as follows:

> "(a) All checking and savings accounts of the parties which it is agreed are owned by them as joint tenants and not as tenants in common shall be divided equally between them. (b) All. United States Government bonds which are owned in the names of both parties similarly shall be divided equally between them. (c) The former marital residence of the property of the parties, which is owned by them as joint tenants and not as tenants in common, is agreed to have the fair market value of $20,000; wife shall convey and quitclaim all right, title and interest to husband * * * and husband shall pay the wife the sum of $10,000.00."

Pursuant to the property settlement the sum of $39,515 was paid to plaintiff, and plaintiff was to turn over joint tenancy bonds worth $1,600. On January 2, 1973, the defendant executor of Edgar J. Engelman filed a petition for a rule to show cause stating that plaintiff has refused to sign the bonds, requested that plaintiff fulfill her obligation under the property settlement and execute the bonds in question, and requested attorney fees. A copy of the divorce decree was attached to the petition. On February 14, 1973, plaintiff filed a petition seeking to modify the divorce decree and to set aside the property settlement, alleging fraudulent misrepresentation by Edgar J. Engelman as to the value of his real property. No affidavits were filed in support of the petition. On March 8, 1973, a motion to dismiss plaintiff's petition was filed by the defendant executor. Discovery was then conducted. On May 18, 1973, a hearing was held on defendant's petition for rule to show cause, on plaintiff's petition to modify the divorce decree, and on defendant's motion to dismiss plaintiff's petition. On June 22, 1973, the court issued an order dismissing plaintiff's petition to modify, finding plaintiff to be in contempt of court for failing to sign the bonds, ordering plaintiff to execute the bonds and place them into the possession of the court, and awarding defendant attorney fees. On June 22, 1973, plaintiff filed a motion to

file an amended petition to vacate or modify the divorce decree. This petition alleged that Edgar J. Engelman fraudulently misrepresented the value of his real property, fraudulently failed to reveal his complete assets and fraudulently transferred funds out of various bank accounts. The petition further alleged that the fraudulent failure to reveal assets and the fraudulent transfer were not discovered until the recent discovery depositions of various banks were taken. The affidavit of plaintiff was attached to the petition along with defendant's income tax returns and various bank statements. On July 2, 1973, plaintiff filed a motion to vacate the order of June 22, 1973, alleging that the June 22 order was not supported by the evidence. On August 2, 1973, a hearing was held on plaintiff's motion to vacate. On August 9, 1973, the court issued an order denying plaintiff's motion to vacate the June 22 order. On that same day, defendant filed a motion to strike plaintiff's amended petition to vacate or modify the divorce decree, alleging the running of the statutory limitation period under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). On August 16, 1973, plaintiff filed a notice of appeal from the court's August 9 order. On August 16, 1973, the court also held a hearing on defendant's motion to strike plaintiff's amended petition to vacate or modify the divorce decree. On August 24, 1973, the court granted defendant's motion to strike. On August 30, 1973, the plaintiff filed an amended notice of appeal from the August 24 order of the court striking the amended petition.

The primary issue for resolution by this court is whether the trial court erred in dismissing plaintiff's amended petition to vacate or modify the divorce decree. We hold that the trial court did so err in dismissing the amended petition. Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) deals with relief from final judgments and decrees filed more than 30 days after entry thereof and states:

"(2) The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof. *The petition must be supported by affidavit or other appropriate showing as to matters not of record.* * * *

(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. *Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.*" (Emphasis added.)

In *Smythe v. Smythe*, 28 Ill.App.2d 422, 171 N.E.2d 649, the trial court dismissed a late petition to modify a divorce decree alleging fraudulent concealment on the grounds that the petition was insufficient to give the court jurisdiction because the petition alleged no specific facts either

constituting fraud or from which fraud could be implied. In *Masters v. Smythe*, 124 Ill.App.2d 474, 476, 259 N.E.2d 399, the court affirmed the dismissal of an amended petition in the same case, stating:

> "In addition to the fact that the petition is not supported by affidavit or 'other appropriate showing as to matters not of record' as required by the Act, the petition fails to allege acts of fraud with any reasonable degree of specificity."

In the present case, however, we believe that there was compliance with section 72, that the defects specified in the *Smythe* cases were not present, and that the face of the instant petition is more than sufficient to give the trial court jurisdiction to decide the case on the merits. We first note that although the amended petition was filed well beyond the 2-year limitation period, facts constituting fraud were alleged which would toll the running of the statutory period, and the facts were alleged with more than a reasonable degree of specificity. In paragraph four of the amended petition plaintiff alleges that prior to the execution of the property settlement agreement the decedent fraudulently represented the value of his property, aside from the family residence and the bonds, to be $59,030. Paragraphs five through nine allege that decedent fraudulently withdrew various sums of money from various bank accounts immediately prior to the property settlement. Plaintiff cites the specific sums withdrawn and specifically names the banks. In paragraph 10 plaintiff alleges that defendant fraudulently concealed the ownership of 50 shares of stock in a specifically named company. Paragraph 13 alleges that plaintiff was not aware of these fraudulent acts until the discovery depositions of the various banks were taken. Furthermore, we note that attached to the amended petition is the affidavit of plaintiff, defendant's tax return, and various bank statements, ledger sheets, and checks showing various withdrawals by decedent around the time in question. Therefore, the amended petition on its face provides the facts necessary for the trial court to assume jurisdiction, and the trial court erred in striking the amended petition.

We also note that the parties concede that plaintiff has signed the bonds in question, that these bonds have been cashed, and that the proceeds have been deposited with the clerk of the court to be distributed in accordance with the results of this appeal. This part of the appeal from the August 9, 1973, order of the court is then rendered moot.

However, the court's order, entered June 22, 1973, found plaintiff to be "* * *  in contempt of Court by failing to comply with the Decree of Divorce in that plaintiff has failed and refuses to execute her signature upon the following bonds, to-wit:". This language was followed by a

description of the bonds. This order, and the award of $500 in attorney fees to defendant must be reversed.

There was no competent evidence before the court upon which the order could be based. The decree of divorce contains no reference to the bonds. The property settlement agreement, which was incorporated into the decree, only provides that all government bonds owned in the names of both parties were to be divided equally between them. Neither the agreement nor the decree provided for signature of the bonds by plaintiff and surrender of possession of them, in toto, to her husband. Attached to the petition for rule to ·show cause were letters purportedly exchanged between counsel for the parties during the divorce proceedings. It is only by recourse to these communications that the theory that plaintiff would accept a check in the amount of $39,515 as payment in full for her half of the value of the cash accounts, bonds and the personal residence, can be established. These letters were introduced into evidence over the objection of plaintiff that no foundation had been laid. The objection was overruled, and this was error. No foundation was laid. There was no testimony by any witness concerning the authenticity of the letters. There was no evidence that plaintiff ever saw the letters or was acquainted with their contents, nor was there any evidence before the trial judge that plaintiff had wilfully refused to sign the bonds. On direct examination the executor of the estate of Edgar J. Engleman testified that plaintiff had refused to sign the bonds. On cross-examination he stated that he had never talked to plaintiff about signing the bonds and had gotten the information from his attorneys and had never made a formal demand on plaintiff to sign the bonds. Plaintiff's attorney then moved to exclude "* * * all of the testimony relating to this refusal to execute," and the motion was allowed by the trial judge. There being no competent evidence to support the contempt finding, that portion of the June 22, 1972, order finding plaintiff in contempt and awarding attorney fees is reversed.

Reversed in part and reversed and remanded for hearing on the merits of the amended petition.

SMITH, P. J., and TRAPP, J., concur.