**Mozart G. RATNER et al., Appellants,**

v.

**BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA, Appellee.**

No. 21258.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 5, 1968.

Decided April 11, 1968.

Mr. Mozart G. Ratner, Washington, D. C., appellant pro se, with whom Messrs. Sheldon E. Bernstein and Peter A. Greenburg, Washington, D. C., were on the brief, for appellants.

Mr. Abraham J. Harris, Washington, D. C., for appellee.

Before FAHY, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

FAHY, Senior Circuit Judge:

Appellant Mozart Ratner, Esq., and his associates in this matter, including

his co-appellant Sheldon E. Bernstein, Esq., have been awarded and have received fees from appellee Union covering legal services and expenses through January 25, 1962. See Ratner v. Bakery and Confectionery Workers International Union, 122 U.S.App.D.C. 372, 354 F.2d 504, decided November 17, 1965, and Bakery and Confectionery Workers International Union of America v. Ratner, 118 U.S.App.D.C. 269, 335 F.2d 691. For further history of the litigation in which the fees were earned and expenses incurred, see Moschetta v. Cross, D.C., 241 F.Supp. 347. That was a class action by some of the officers of certain local unions against officers of the International on behalf of the membership.

By order of the District Court of July 8, 1966, the *Moschetta* litigation was the subject of a proposed dismissal on the basis of a compromise and settlement approved by the court. This order approving the settlement required that notice of the proposed dismissal and its terms should be given to all members of the class as provided in the order, see Rule 23(e), Fed.R.Civ.P. The proposed settlement was to take effect thirty days after compliance with the notice requirements, absent further order of the court. The order also recited that subsequent to the institution of the original complaint the interests of the class and of the defendant Union had become substantially identical and that since March 26, 1963, the interests of both had been represented by independent counsel appointed by the Union with the approval of the Court.[1]

Thereafter, on October 17, 1966, independent counsel filed a praecipe in the case that the cause "is Compromised, Satisfied and Settled." There is no suggestion that the order of the court with respect to notice had not been complied with.

On January 4, 1967, appellants filed in the dismissed case an ancillary motion for supplemental fees and expenses. The gist of this new claim was for (1) legal services of appellants rendered in obtaining for themselves payment of fees and expenses to January 25, 1962, which have been fully paid under the terms of the court decisions awarding those fees and expenses, and (2) efforts to have the courts appoint independent counsel to conduct the basic litigation for the plaintiff class.[2] The ancillary motion was dismissed by the District Court on June 13, 1967, for want of jurisdiction. Appellants then moved to vacate the order of dismissal and alternatively, for relief under Rule 60(b), Fed.R.Civ.P. This motion was denied on June 30, 1967, followed by this appeal.

---

1. The independent counsel referred to was neither Mr. Ratner nor Mr. Bernstein. Independent counsel had filed a motion for court approval of the settlement and dismissal. The motion stated that the proposed order embodying the settlement was "consented to by the remaining attorneys of record in the cause." Mr. Ratner on July 24, 1962, had moved the court for leave to withdraw as counsel for plaintiffs. This motion had been granted November 6, 1962. It appears, however, that on June 29, 1963, Mr. Bernstein, a present appellant who had been counsel for Mr. Ratner in the latter's claim for fees and expenses, entered an appearance "as attorney for named plaintiff, Frank Dutto and the plaintiff class." We find no record of withdrawal of this appearance and neither the motion of independent counsel, nor the or-

der of settlement and dismissal, was consented to by Mr. Bernstein. However, the order of July 8, 1966, recites that since March 26, 1963, independent counsel had been representing the interests of the class and the defendant Union. Moreover, neither Mr. Ratner nor Mr. Bernstein, appellants in this court, contends that his or their representation of any plaintiff or of the class or of the Union continued to the time of the settlement. We accordingly accept this view of the matter reflected in the court's order.

2. As we have seen independent counsel appointed by the Union, and approved by the court, came into the case March 26, 1963. Appellee attributes this to no efforts of appellants, but this goes to the merits of their claim, which we do not decide.

The District Court did not pass upon the merits of appellants' claim for additional fees and expenses, but held only that the claim could not be pursued in the *Moschetta* case itself, which had been compromised, settled and dismissed prior to the assertion by appellants of any further claim therein. Resort by them to an independent action was not precluded. We affirm.

The District Court had lost jurisdiction of the *Moschetta* case insofar as appellants are concerned before they filed their motions the denial of which is the basis of their present appeal[3]— unless jurisdiction remained in the court by reason of appellants' Rule 60(b) motion. We think it did not, for Rule 60(b) by its own terms is available only to "a party or his legal representative" seeking relief from a final judgment. And see United States v. 140.80 Acres of Land, 32 F.R.D. 11, 14 (E.D.La.). Appellants were not parties to the judgment or to the cause in which the judgment was entered. Though they contend notice of the settlement and dismissal was not given them, they do not assert entitlement to notice as a party or as counsel for any party to the case, but only because of their interest in additional fees and expenses. When the case was settled and dismissed this was an unasserted interest.

Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, relied upon by appellants, we think inapposite; for the claim for fees there was filed in the basic litigation while it was still pending, by one still participating in the litigation. Appellants fall within neither category in relation to the *Moschetta* litigation they seek to revive.[4]

We do not pass upon whether or not appellants have a claim which may validly be pursued in a separate action. See Milone v. English, 113 U.S.App.D.C. 207, 212, 306 F.2d 814, 819; Schmidt v. McCarthy, 125 U.S.App.D.C. 131, 137, 369 F.2d 176, 182. We affirm only on the ground of the correctness, as we view it, of the action of the District Court in not reopening for appellants a case which had been terminated.

Affirmed.

3. Bryan v. Smith, 174 F.2d 212, 214–215 (7th Cir.). *Cf.* A. B. Dick Co. v. Marr, 197 F.2d 498, 502 (2d Cir.).

4. For the same reason, we find inapposite Jennings v. Carey, No. 19069, May 24, 1965, D.C.Cir., also cited by appellants. There, the motion of counsel for fees pursuant to Section 501(b) was made in this court while the underlying case was still being litigated on appeal.