Katherine Smythe Masters, Plaintiff-Appellant, v. Executor, Heirs, Legatees, Devisees, Distributors of the Estate of Paul H. Smythe, Jr., Deceased, Namely, Paul H. Smythe, III, Mary Anna Kimber Smythe Schroeder, Isabelle Kline Smythe, Robert Kline, and Nathan M. Cohn, Defendants-Appellees.

**Gen. No. 69–196.**

Second District.

June 8, 1970.

Katherine Smythe Masters, pro se, of Gurnee, appellant.

Churchill & Baumgartner, of Grayslake, and Nathan M. Cohn, of Chicago, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The plaintiff appeals from an order entered August 15, 1969, by the Circuit Court of Lake County that dismissed her petition brought under section 72 of the Civil Practice Act (Ill Rev Stats 1969, c 110, § 72) to set aside portions of a decree of divorce entered January 13, 1948.

The decree awarded the plaintiff a divorce on grounds of physical cruelty and approved an oral property settlement agreed to by the parties. That settlement provided that the plaintiff would lease to the defendant her portion of a farm owned by them and that she would be entitled to occupy a residence located thereon. The decree further provided that the defendant pay to the plaintiff $100 a month alimony and reserved the question of custody of the then minor children of the parties for further consideration.

The petition, filed July 25, 1969, was brought against the "Executor, Heirs, Legatees, Devisees, Distributors of the Estate of Paul H. Smythe, Jr." since Smythe had died on May 25, 1968.

The agreement in regard to the farm proved transitory since a partition suit was instituted by the plaintiff and the property sold pursuant to a decree entered on February 27, 1951. That litigation was reviewed by this Court in Masters v. Smythe, 342 Ill App 185, 95 NE2d 719 (1950).

On December 20, 1957, the plaintiff filed a verified petition to modify the decree of divorce on the grounds that the defendant had "fraudulently" obtained her agreement to the settlement, concealed his true wealth and ". . . by artifice, falsehood and concealment, contrived to hide great sums of his assets in divers vaults and banks. . . ." The trial court dismissed the petition on the grounds that it was insufficient as a matter of law

to give the court jurisdiction. On appeal, in Smythe v. Smythe, 28 Ill App2d 422, 171 NE2d 649 (published in abstract), we affirmed the trial court and pointed out that the petition alleged no specific facts ". . . that constitute fraud in and of themselves, or any alleged specific facts from which fraud will be necessarily implied."

A petition for relief from a final order, judgment or decree brought under section 72 of the Civil Practice Act must be filed not later than 2 years after its entry. However, paragraph (3) provides that "Time during which the person seeking relief is under legal disability or duress or the grounds for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Ill Rev Stats 1967, c 110, § 72(3)).

The present petition states that ". . . heretofore petitioner alleges that grounds for relief was fraudulently concealed . . ." and ". . . that your petitioner has within the past two years come into information alleged to be specific facts of fraud on the part of the decedent . . . ." Paragraph 12 of the petition states "That the following described properties allegedly constitute fraudulently concealed properties of Decedent, Paul H. Smythe, Jr. on January 13, 1948" and lists 7 street addresses in Chicago and interests in two undisclosed partnerships. The petition prays that the portion of the decree that waived her dower rights in the property of the defendant be set aside.

It is apparent that the petition has been framed to correct the defects enumerated in the earlier case and to meet the minimal requirements of a section 72 proceeding. In addition to the fact that the petition is not supported by affidavit or "other appropriate showing as to matters not of record "as required by the Act, the petition fails to allege acts of fraud with any reasonable degree of specificity.

■ It is not sufficient to merely characterize certain acts as "fraudulent" to avoid the two-year period of limitation provided in the statute. Wienhoeber v. Wienhoeber, 53 Ill App2d 387, 202 NE2d 864; Smythe v. Smythe, 28 Ill App2d 422, 171 NE2d 649. "It is axiomatic that general averments of fraud are wholly inadequate and that such allegations should state specifically the inculpatory facts in order that they may carry their own conviction of fraud and in order that the wrongdoing may thereby be made more clearly to appear." Nogle v. Nogle, 53 Ill App2d 457, 466, 202 NE2d 683.

■ The petition further sought an award of $24,500 for certain "unfulfilled terms of the Divorce Decree" that are themselves unclear. Since that portion of the petition seeks an enforcement of, and not relief from, the divorce decree, it was not properly before the court under a section 72 petition. Schwartz v. Schwartz, 69 Ill App2d 128, 216 NE2d 505. It would appear that the proper remedy for the petitioner in that respect would be a claim against the estate of the decedent.

For the reasons stated, the order of the trial court should be affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.