SUMMIT ELECTRIC COMPANY, Plaintiff, *v.* WILBERT MAYRENT *et al.*, Petitioners-Defendants-Appellants.—(UNITED PACIFIC INSURANCE COMPANY, Respondent-Appellee.)

First District (4th Division)   No. 76-1674

Opinion filed October 27, 1977.

Arvey, Hodes, Costello & Burman, of Chicago, for appellants.

Gilmartin, Wisner & Hallenbeck, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. Wilbert Mayrent, Howard Mayrent, Troy Finley, Viola Berglund and Associated Electric Company (collectively referred to as "Associated Electric") appeal from an order of the circuit court entered in a proceeding commenced by the United Pacific Insurance Company ("United Pacific") pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) The circuit court granted the relief requested by United Pacific and vacated a default judgment theretofore entered in favor of Associated Electric upon an injunction bond issued by United Pacific. The bond had been issued in connection with a preliminary injunction obtained by Summit Electric Company ("Summit Electric") against Associated Electric. Summit Electric is not involved in this appeal.

Associated Electric contends the trial court abused its discretion in allowing the relief prayed for in the section 72 petition because United Pacific had been served with notice of Associated Electric's proceeding on the injunction bond, and because the petition failed to allege the existence of a meritorious defense to the proceeding on the bond.

Summit Electric obtained an injunction in the circuit court of Cook County against Associated Electric's activities relating to certain electrical contracting jobs. United Pacific acted as surety on the bond required of Summit Electric to protect Associated Electric from damages in the event the injunction was found to have been wrongfully entered. (See Ill. Rev. Stat. 1975, ch. 69, par. 9.) The amount of the bond was $25,000. On February 5, 1974, this court ordered the injunction be dissolved on the ground of insufficient pleadings and evidence, and the cause was remanded to the circuit court. *Summit Electric Co. v. Mayrent* (1974), 17 Ill. App. 3d 545, 308 N.E.2d 313.

Associated Electric filed a motion in the circuit court on September 2, 1975, suggesting the damages suffered by it as a result of the injunction to be in excess of $174,000. The motion alleged that Summit Electric was insolvent and no longer in business, and United Pacific was surety on the injunction bond in the amount of $25,000. The motion sought judgment against United Pacific in that amount.

The attorneys for Associated Electric and Summit Electric appeared in court on September 2, 1975, in connection with the motion, and the matter was continued to September 12, 1975, to permit counsel for Summit Electric to familiarize himself with the provisions of the

injunction bond. On September 12, only counsel for Associated Electric appeared in court. He told the court he had been unable to contact counsel for Summit Electric, and he related that United Pacific had failed to appear with regard to the motion on the bond despite notice thereof served upon United Pacific weeks before. The court thereupon entered a default order on the motion against United Pacific and continued the matter for a proveup as to damages.

The matter was continued from time to time, and on May 28, 1976, hearing was held on the question of damages. Counsel for Associated Electric advised the court that United Pacific had been held in default, that he had not heard from United Pacific in the matter, and that he had been advised by counsel for Summit Electric the latter had been in contact with United Pacific relative to the matter. Counsel for Associated Electric also told the court United Pacific had been served with notice "according to the rules" but had neither appeared nor responded in the matter. Evidence was adduced from a representative of Associated Electric demonstrating it had suffered lost "gross profits" in excess of $195,000 and had incurred legal fees and costs in excess of $11,500 in connection with the injunction. The trial court thereupon entered judgment on the injunction bond in the amount of $25,000 in favor of Associated Electric and against United Pacific.

United Pacific filed the instant section 72 petition on August 11, 1976. The petition alleged that United Pacific, a Pennsylvania concern, had "only recently" been advised of the $25,000 judgment against it, that it had received no notice pursuant to section 9 of the injunction statute (Ill. Rev. Stat. 1975, ch. 69, par. 9) that judgment was being sought on the injunction bond, that it had exercised due diligence in its attempt to secure vacatur of the judgment, that the transcript taken at the proveup on damages indicated United Pacific "may have had" defenses to the proceeding on the bond relative to the indefiniteness and speculativeness of fees and lost profits allegedly expended or incurred by Associated Electric, and that its defenses to liability under the bond which it "may have had" could only be asserted in an adversary proceeding. Attached to the section 72 petition was an affidavit by the manager of United Pacific's fidelity claims department asserting that neither he nor United Pacific had received notice of the judgment or of the intent to secure a judgment on the bond until advised by a Chicago bank on June 29, 1976, that a garnishment summons had been received by the bank relative to the judgment. Affiant immediately conferred with his subordinates, United Pacific's Chicago branch office and its legal staff, and determined that no notice of the motion or the judgment had been received. Legal counsel in Chicago was contacted on July 8, 1976, in an effort to protect its interests. Also attached to the section 72 petition was an affidavit by United Pacific's counsel in

Chicago that they had been contacted by United Pacific's representative concerning the matter on July 8, 1976, that on July 18, 1976, counsel were advised by United Pacific's representative to "look into" the matter, and that counsel have since researched the matter, prepared documents and conducted conferences. Both affidavits were dated August 11, 1976.

The record also discloses that United Pacific secured a continuance of the hearing on its section 72 petition for the purpose of obtaining a deposition from the named person who allegedly filed the notice of the motion for judgment on the bond, as well as an affidavit from a representative of the Cook County circuit court clerk's office regarding its procedures relative to handling notices filed pursuant to section 9 of the injunction statute. United Pacific also secured an order upon Associated Electric to divulge the address of the named person who had filed the notice of the motion, but the record does not disclose that either the deposition or the affidavit was ever secured by United Pacific.

Counsel for Associated Electric was permitted to file his affidavit in response to the matters contained in United Pacific's petition and attendant affidavits. In addition to averring much of the matter as herein set forth, counsel further set forth the provisions of section 9 of the injunction act relating to service of notice upon the clerk of the circuit court as service upon a surety on an injunction bond filed in that court. Counsel averred such service was made upon the clerk of the circuit court on August 18, 1975, and directed also such notice be served upon United Pacific in accordance with the provisions of the statute. Counsel's affidavit also stated he was in contact with a representative of United Pacific on July 2, 1976, that three weeks later he advised this representative of the name of the person who had filed the notice of the motion to proceed on the bond, and the next time counsel heard anything in the matter was the filing of the instant section 72 petition. The affidavit concluded the section 72 petition was defective in that it failed to demonstrate due diligence or to allege the existence of a meritorious defense to recovery on the bond.

At the hearing held on the section 72 petition on September 30, 1976, the trial court expressly found United Pacific had "ample notice" of the motion by Associated Electric to recover on the bond. Counsel for Associated Electric argued the section 72 petition failed to allege the existence of a meritorious defense, to which counsel for United Pacific replied that no personal notice of the proceeding on the bond had been received because the clerk's office, whose representative was present in court, was unaware of its duty under the statute and in fact sent no notice of the filing of the motion on the bond as required by statute. Counsel for United Pacific also argued that its defense to the motion on the bond would relate to the defects in the assessment of damages. The trial court

reiterated its finding United Pacific had "ample notice" of the proceeding on the bond, commented that someone had been "sleeping" or "passing the buck," but stated it would nonetheless permit the hearing requested by United Pacific. The default judgment was thereupon vacated, and the matter was set for hearing at a later date.

The pertinent portions of the injunction statute relied upon by Associated Electric in its prosecution of the motion to assess damages against the injunction bond read as follows:

"A surety upon a bond or undertaking under this Act submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of motion as the court prescribes may be served on the clerk of the court who shall forthwith mail copies to the persons giving the security if their addresses are known." Ill. Rev. Stat. 1975, ch. 69, par. 9.

■■ To warrant relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), the aggrieved party must demonstrate both the existence of a meritorious defense and the exercise of due diligence in the presentation of that defense. He must show his failure to defend was the result of excusable mistake, and he acted reasonably and not negligently when he failed to initially resist the judgment. (See *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 220-21, 359 N.E.2d 740; *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.) A petition for section 72 relief enables a party to bring before the court, which had rendered the judgment, matters of fact which, if known to the court at the time the judgment was entered, would have prevented its rendition. The petition is not intended to relieve the party of the consequences of his own negligence, and the burden devolves upon him to allege and prove facts justifying relief. *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719.

■■ The instant section 72 petition did not allege, and the matters adduced at the section 72 hearing failed to demonstrate United Pacific did not receive proper notice of the motion to assess damages against the injunction bond. The allegation it did not receive personal notice of the proceeding was obviated by the statutory provision establishing the type of notice permissible in such proceedings. Although counsel for United Pacific represented to the court that the circuit court clerk's office was unaware of the statutory provision relating to notice and did not send United Pacific the notice provided by the statute, and a representative of the clerk's office was present in court to establish such circumstances, no

evidence in that regard was adduced by affidavit or testimony and the trial court in fact expressly found United Pacific had received "ample notice" of the proceeding on the bond. United Pacific failed to recognize that the clerk of the circuit court is its agent, by statute, and the principal is bound by the act of its agent, or the failure of the agent to act, which was not proven, and regardless, would not change the result. The court's comments that someone had been "sleeping" or "passing the buck" indicated the trial court believed United Pacific had personal knowledge of the pendency of the proceeding on the bond. United Pacific failed to demonstrate it acted reasonably to protect itself from the default judgment by seasonably asserting any defenses it may have had in the matter, and the trial court was consequently in error in permitting the relief requested in its section 72 petition.

United Pacific argues the question of due diligence is not involved in this appeal because Associated Electric has limited its contentions to United Pacific's failure to allege and prove the existence of a meritorious defense. Although not advanced under a separate point in the brief of Associated Electric, the question of United Pacific's failure to seasonably assert its defenses after receipt of notice of the proceeding has been advanced and extensively argued in the brief. We are therefore able to consider the question thus presented. See *e.g., Zeta Building Corp. v. Garst* (1951), 408 Ill. 519, 525, 97 N.E.2d 331.

For the foregoing reasons the order of the circuit court of Cook County vacating the default judgment and setting the matter for hearing on damages is reversed and the cause is remanded with directions to reinstate the judgment in the amount of $25,000 entered on the injunction bond in favor of Associated Electric and against United Pacific.

Order reversed and cause remanded with directions.

JOHNSON and LINN, JJ., concur.