BERNHARD ROSEE, Petitioner-Appellant, *v.* BOARD OF TRADE OF THE CITY OF CHICAGO *et al.*, Respondents-Appellees.

First District (1st Division)   No. 76-506

Opinion filed January 23, 1978.

Bernhard Rosee, *pro se*, of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Kirkland & Ellis, of Chicago (John E. Angle and John H. Stassen, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Bernhard Rosee (petitioner) filed a petition pursuant to section 72 of the

Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The Board of Trade of the City of Chicago and various officers and members thereof (respondents) filed a motion to strike and dismiss on which the court reserved its ruling. Following evidentiary hearings, the petition was denied with prejudice. Petitioner has appealed.

In this court, petitioner urges that the trial court erred because newly discovered evidence, if known to the trial court in the prior proceedings, would have precluded dismissal for failure to establish a *prima facie* case. Respondents contend that petitioner failed to demonstrate an abuse of discretion by the trial court; the petition on its face shows that petitioner is not entitled to relief and, during the evidentiary hearings, no facts were proved which would support the granting of relief under section 72.

The petition, filed on July 10, 1975, sought to vacate a judgment dismissing respondents as defendants in a civil action brought by petitioner against respondents and other defendants. This final judgment was entered on August 17, 1972. Our decision on direct appeal of that judgment by petitioner is reported as *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 356 N.E.2d 1012, *appeal denied* (1977), 65 Ill. 2d 580, *cert. denied* (1977), ___ U.S. ___, 54 L. Ed. 2d 99, 98 S. Ct. 127. In seeking section 72 relief, petitioner alleged the existence of "newly discovered documentary evidence which was not available to plaintiff at the time of trial, and which, if known to the court at trial, may have resulted in a judgment against the Board of Trade defendants * * *." Six letters, part of the so-called newly discovered evidence, were found on October 17, 1974, when petitioner and his attorney requested production of records at the Chicago office of the Commodity Exchange Authority (CEA). The petition further alleged the general counsel of the United States Department of Agriculture had directed the local CEA office to produce for petitioner's examination "all trading records pertaining to plaintiff's controversy with the brokers and the Chicago Board of Trade * * *." Petitioner alleged that these letters had not been brought immediately to the court's attention because petitioner "deemed it necessary to conduct further investigation into the leads suggested by the correspondence * * *." The petition also stated that due diligence had been exercised in seeking the " 'back up' * * *" evidence and that these documents were then the subject of proceedings before the CEA.

An additional item of "newly discovered evidence * * *" was an alleged letter dated September 1, 1937. The only allegation as to the acquisition of this letter was that petitioner had discovered it "[s]ubsequent to the trial * * *."

In further support of the petition, the following documents were attached: an affidavit dated August 29, 1973, executed by an attorney, photocopy of a transcript of testimony purportedly presented in a proceeding in the United States District Court on October 17, 1973, a

group exhibit comprised of accounting records purporting to be a summary of petitioner's ledger account prepared in connection with a complaint before the CEA and a photocopy of an accounting ledger sheet allegedly found on June 1, 1975, among the papers of petitioner's former attorney who had died in the fall of 1974.

Respondents filed a motion to strike and dismiss the petition. Petitioner filed a response to the motion and filed an additional affidavit in support of the petition. The affidavit contained petitioner's affirmation that, prior to the judgment of August 17, 1972, petitioner had exercised due diligence to obtain records showing the "original daily computation of customer segregated funds * * * and any other records which would establish the true status of petitioner's trading accounts." The affidavit further alleged, "[t]hat access to this major and newly discovered evidence was fraudulently withheld from * * * [petitioner] until October 18, 1974, and that this * * * evidence was first released on that date."

Having reserved ruling on the motion to dismiss, the trial court permitted petitioner to examine witnesses and offer documentary evidence in hearings conducted on 12 dates between September 17 and December 23, 1975. Petitioner's documentary evidence was admitted subject to respondents' continuing objections on the grounds, *inter alia*, of relevance and materiality. On February 4, 1976, petitioner rested his case. Respondents moved for judgment under section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 64(3)). Following the filing of memoranda by the parties, on March 4, 1976, the trial court entered an order finding that petitioner had not proved a *prima facie* case, denying the petition with prejudice and entering judgment in respondents' favor. The order also found that respondents' motion to strike and dismiss and respondents' standing evidentiary objections were mooted by the denial of the petition on the merits.

■■■ To obtain relief under section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72), petitioner was required to show that " ' * * * through no fault or negligence of his own, the error of fact * * * was not made to appear to the trial court.' " (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 504, 322 N.E.2d 25, quoting *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294.) The burden was on petitioner "to allege and prove the facts justifying relief." (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719.) Pertinent to this appeal, the limitation period of section 72(3) (Ill. Rev. Stat. 1975, ch. 110, par. 72(3)) provides: "The petition must be filed not later than 2 years after the entry of the order [or] judgment * * *. Time during which * * * the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." To avoid the bar of the limitation period, the pleadings must allege fraudulent concealment of the ground for section 72 relief. See, *e.g.*, *People v. Colletti* (1971), 48 Ill. 2d 135, 138, 268 N.E.2d 397.

The petition here was filed July 10, 1975. The judgment order dismissing petitioner's suit against these respondents was entered on January 12, 1972. In that order the trial court found "that after 30 days from this date there will exist no just reason for delay of enforcement of or appeal from this order." On February 9, 1972, the trial court entered an order denying plaintiff's motion to vacate the order of January 12, 1972. This later order contained similar language concerning the availability of appeal to plaintiff. See Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).

Since the instant petition was filed more than two years after the judgment order in question, the remaining issue is whether petitioner has demonstrated that the newly discovered evidence was fraudulently concealed from him until its discovery in October 1974 so as to toll the running of the limitation period.

■■ On its face, the petition contains no allegation that this documentary evidence was in any way concealed from petitioner by respondents or anyone connected with or controlled by respondents. Petitioner's affidavit contains the conclusory statement that the "newly discovered evidence was fraudulently withheld * * *" from him. The affidavit fails to support this charge with underlying facts. In our opinion, the petitioner's failure to allege fraudulent concealment in the petition is not overcome by such nonspecific statements in the affidavit. General allegations of fraudulent concealment will not remove the limitation bar of section 72(3); specific allegations of " 'inculpatory facts * * *' " must be raised. *Masters v. Executor of the Estate of Smythe* (1970), 124 Ill. App. 2d 474, 477, 259 N.E.2d 399, *cert. denied* (1971), 401 U.S. 969, 28 L. Ed. 2d 318, 91 S. Ct. 1195, quoting *Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 466, 202 N.E.2d 683.

In addition, petitioner's response to the motion to strike and dismiss fails to demonstrate the manner in which the new evidence was fraudulently concealed. The response states that the newly discovered evidence was "only released to petitioner Rosee because of an affirmative complaint by [a United States Senator to the United States Secretary of Agriculture]." The correspondence relied on in the petition was allegedly made available only because of this "senatorial intervention * * *." Overlooking petitioner's failure to implicate respondents in petitioner's difficulty in discovering these documents in Federal government files, these facts show neither fraud nor concealment. Further, on examination of the entire transcript of proceedings in this case, we find no testimony or documentary evidence which proves directly or by remote inference that the documents relied on to support the petition were in any fashion concealed from petitioner by the fraud of any person or agency.

■■ In view of petitioner's failure to plead or prove fraudulent concealment of the ground for relief, we conclude that his claim for relief was barred by the limitation period of section 72. Ill. Rev. Stat. 1975, ch.

110, par. 72(3); *Colletti*, 48 Ill. 2d 135, 137-38; see *Agorianitis v. Ress* (1977), 55 Ill. App. 3d 325, 328, 371 N.E.2d 10, and cases there cited; *Masters*, 124 Ill. App. 2d 474, 477.

We will also point out that both the allegations of the petition and the evidence heard by the trial court in support thereof completely fail to show that petitioner acted with diligence in filing this petition. As above shown, the judgment order dismissing the Board of Trade defendants (respondents) was entered January 12, 1972, and the order dismissing petitioner's suit against the remaining defendants was entered on August 17, 1972. Petitioner alleged that he found the so-called newly discovered evidence on October 17, 1974. The petition under section 72 was not filed until July 10, 1975, only a few days short of 9 months after this alleged discovery.

The courts of Illinois have repeatedly held that eligibility for relief under section 72 rests solidly upon the requirement that petitioner act with due diligence so that his failure to avail himself of the remedy resulted from no fault or negligence of his own. This requirement is well illustrated by *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518, and the authorities there cited. There, plaintiff's case was dismissed for want of prosecution on May 18, 1972, and the petition to vacate that order was not filed by plaintiff until May 9, 1973, a lapse of almost 1 year. The supreme court denied section 72 relief because of lack of diligence.

Thus, quite apart from the bar of the limitation period expressed in section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72(3)), the failure of petitioner to act with due diligence which appears amply from the face of the petition itself and from the evidence operates as a complete demonstration of the legal validity and propriety of the order appealed from.

On September 17, 1975, before passing upon the motion of respondents to dismiss the petition, the court permitted petitioner to proceed with evidence in support of the petition. This was done by the court after petitioner suggested that his witnesses were ready and that he should be permitted to produce evidence. Hearing continued on various dates until December 23, 1975. These hearings comprise more than 700 pages of the report of proceedings. By February 4, 1976, the taking of evidence was completed. The court entered an order granting petitioner leave to file his Exhibits 1 through 44.

Shortly thereafter respondents filed a written motion for judgment in their favor. (Ill. Rev. Stat. 1975, ch. 110, par. 64(3).) As we have stated, on March 4, 1976, the court entered an order dismissing the petition. The order found that petitioner had failed to adduce evidence containing "a scintilla of credible or competent evidence * * *" that the respondents conspired or acted in concert to defraud petitioner or to do him any

wrong. The order found that having ruled on the petition on its merits, the motion of respondents to strike and dismiss was thereby mooted. However, in any event, as above shown, analysis of the petition and the motion to dismiss impels the conclusion that the hearing of evidence was unnecessary because the petition was legally defective from several points of view.

On the merits of the evidence received, reading of the amended brief filed by petitioner, *pro se*, shows no reference to any portion of the voluminous record containing any credible or competent evidence such as would be sufficient for the entry of an order under section 72. Petitioner's amended brief contains a statement of fact covering some 15 pages. This statement does not present a summary of the evidence and makes but four references to the transcript of hearings on the section 72 petition. These references pertain entirely to the dealings and relationship between petitioner and the brokerage firm with which he dealt; a situation fully considered and litigated in our previous opinion regarding the rights of petitioner and the brokerage firm. (See *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203.) We have examined the transcript and the various exhibits submitted by petitioner. We are in complete accord with the result reached by the trial court that petitioner has failed to introduce any credible or competent evidence to support his theories under section 72.

Respondents have moved this court to impose sanctions upon petitioner under section 41 of the Civil Practice Act. Upon consideration of said motion it is denied.

The judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and LORENZ, JJ., concur.