SAMUEL VANDERBILT, Plaintiff-Appellee, *v.* SOVEREIGN OIL COMPANY *et al.*, Defendants-Appellants.

First District (3rd Division) No. 77-466

Opinion filed May 31, 1978.

Menk, Bishop & Kezelis, of Chicago (Algimantas Kezelis and John T. Mehigan, of counsel), for appellants.

Marshall I. Teichner, of Chicago (Philip J. Rock and Rock, Fusco, Heneghan & Rachman, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants appeal from an order of the circuit court of Cook County vacating an order of dismissal pursuant to plaintiff's petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The sole issue is whether the trial court abused its discretion in vacating the order of dismissal.

Plaintiff brought this action on May 27, 1971, to recover damages for injuries arising out of the alleged negligence of defendants in the operation of a motor vehicle. On June 11, 1974, the case was placed on the trial call, and was continued five times. On January 8, 1975, the case was assigned for trial to the present trial judge. The court set the matter for trial on August 12, 1975. Plaintiff was not ready on that date, and the matter was dismissed. On September 2, 1975, the trial court vacated the dismissal and set the matter for trial on September 16, 1975.

On September 16, 1975, plaintiff was not ready and the matter again was dismissed for want of prosecution. On October 15, 1975, plaintiff's counsel presented a motion to vacate the order of dismissal, a trial

lawyer's appearance, notice for production, and a motion to call a defendant as a witness. In the motion to vacate the order of dismissal, plaintiff stated he had not been ready for trial on September 16, 1975. On October 15, 1975, the trial court denied plaintiff's motion to vacate the dismissal.

Over one year later, on November 12, 1976, plaintiff again filed a motion to vacate the order of dismissal. Plaintiff's counsel under oath stated that plaintiff and he had inadvertently permitted the matter to be dismissed for want of prosecution because they thought it had to be settled. Plaintiff's counsel also stated that plaintiff had been ready, willing and able to try the case.

On December 7, 1976, plaintiff filed a section 72 petition with an accompanying affidavit. Plaintiff stated that his attorneys had appeared for trial in 1975 but that he was unable to appear due to circumstances beyond his control. He went on to state that there had been an offer by defendants and an acceptance by him, and that the order of dismissal was predicated on the settlement.

Defendants filed a sworn answer to the section 72 petition in which they pointed out that the matter had been dismissed because plaintiff through counsel had stated he was not ready to proceed; and that in the subsequent motion of October 15, 1975, plaintiff again said he was not ready to proceed, all in contradiction to the allegations of the section 72 petition. Defendant's answer further recited that their offer to settle had been withdrawn in 1974, and that plaintiff's first representation that he wished to settle the matter was contained in the section 72 petition, filed over one year after dismissal.

On January 7, 1977, a hearing was held on the section 72 petition. No testimony was taken, and the hearing consisted of a discussion among court and counsel. Defense counsel informed the court that, prior to the dismissal, their offer to settle had been withdrawn in September 1974 after they located two witnesses. This statement, not under oath, was unchallenged by plaintiff's counsel. The trial court granted plaintiff's section 72 petition and vacated the order of dismissal.

In *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719, the supreme court, at page 467, succinctly and clearly set forth the nature of the showing required of litigants who seek to avail themselves of section 72 relief:

> "Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill.

2d 502; *Glenn v. People*, 9 Ill. 2d 335.) However, a party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."

If more than 30 days has elapsed after entry of a judgment, the movant, despite the equitable nature of section 72, must show a reasonable excuse for failure to file the motion within 30 days. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.

Plaintiff here was not entitled to section 72 relief. He failed to demonstrate that he was free from any fault or mistake in the entry of the order of dismissal, nor did he exhibit or even suggest any diligence in seeking that relief. The uncontradicted facts reveal that this matter was continued on the trial call five times before being assigned to the trial judge in January 1975. The judge set the matter for trial in August 1975, and when plaintiff was not ready for trial, dismissed the cause for want of prosecution. After reinstating the matter on September 2, 1975, the trial court again on September 16, 1975, dismissed the matter because the plaintiff still was not ready for trial. On October 15, 1975, the court denied plaintiff's motion to vacate the dismissal. Plaintiff then waited nearly 13 months before seeking to vacate the order.

In addition to his failure to exhibit diligence, plaintiff also failed to reveal any meritorious ground for relief. His section 72 petition stated that he had been ready for trial in September 1975, but that his counsel and he believed the matter had been settled. This conclusionary statement is contradicted by plaintiff's earlier pleadings, by the record, and indeed by other portions of his section 72 petition. The matter had been dismissed because plaintiff thought his counsel was not ready for trial, and the orders and pleadings so reflect. Plaintiff's motion of October 15, 1975, specifically states that the attorney was not ready to proceed, but would be ready shortly. At the time of filing that motion on October 15, 1975, plaintiff also filed a motion for production and a motion to call one defendant as a witness in the forthcoming trial. Although the court denied the motion to vacate the dismissal and did not act on the other motions, their filing reveals that neither plaintiff nor his counsel believed the matter had been settled. The same section 72 petition which recites that plaintiff and his attorney believed the case had been settled also recited under oath that plaintiff had not appeared in 1975 due to circumstances beyond his

control. Plaintiff did not demonstrate a right to section 72 relief, and the trial court abused its discretion in vacating the order of dismissal.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

SIMON and McGILLICUDDY, JJ., concur.