*In re* ESTATE OF JESSIE D. REILLY.—(SEYMOUR VELK, Petitioner-Appellant, *v.* ESTATE OF JESSIE D. REILLY, Respondent-Appellee.)

First District (4th Division)   No. 77-1671

Opinion filed January 25, 1979.

Seymour Velk, *pro se*, and Robert Handelsman, both of Chicago, for appellant.

Michael Schiessle, of Park Ridge, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The issue in this case is whether the trial court erred in refusing to open, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), a judgment dismissing a petition to appoint a conservator nearly two years after its dismissal, at the request of the attorney for the original petitioner who wishes belatedly to collect attorney's fees from the alleged incompetent's estate; neither the incompetent nor the estate were located in Illinois at the time the section 72 petition was filed. We find no error and affirm.

On November 16, 1971, Reverend Mark A. Finan filed a petition to have a conservator appointed for Jessie D. Reilly. The attorney for Finan was the present petitioner, Seymour Velk. Apparently, in 1971, Jessie Reilly lived in Chicago. However, as revealed by the petitioner's affidavit, she fled the State, going to Ohio. There she consented to the appointment of an Ohio conservator.[1]

---

[1] The record does not disclose whether after Reilly left Illinois there was any estate in Illinois; on oral argument the parties indicated there was not. The record on appeal is not complete; many of the pleadings, motions, etc. filed in the court below and in Ohio, including the Ohio judgment, are not part of the record before this court. Thus, for example, the attorney for the defendant has questioned Finan's good faith, citing certain parts of the record to substantiate the claim. None of these alleged pages were, however, included in the record on appeal.

According to the petitioner, the Illinois trial court on April 4, 1975,[2] granted the defendant's motion to dismiss the petition to appoint the conservator. Since the defendant's motion to dismiss was not included as part of the record on appeal, since the report of proceedings was not included in the record and since, if the court filed an opinion, it also was not included in the record, it is impossible for us to know on what grounds the petition was dismissed. It is clear, however, from the language of the order that the petition was not dismissed for want of prosecution, although apparently neither Mark Finan nor the petitioner, Seymour Velk, was present when the order was entered. According to Velk, they were absent because of a clerical error in Velk's office.

According to the petitioner's affidavit, he had intended, at the time of the dismissal, to petition the court for reimbursement of expenses advanced by him and for reasonable attorney's fees. Within 30 days of April 4, 1975, he served notice of a motion to vacate the judgment on the defendant's Illinois attorney. He did not, however, file the motion in court within 30 days as is required. For this reason, the petition was denied. The judge, according to Velk's affidavit, told him that if he filed a petition to vacate the judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72),[3] the judge would vacate the dismissal order and open the judgment for the purpose of allowing a petition for expenses and attorney's fees. Shortly after this, one of Velk's files pertaining to the case was misfiled. Velk does not allege that any search was made, at that time, for the misplaced file. In April 1976, the petitioner commenced moving his law office to a new location; the move took several months. Some of Velk's files, including the files in the Reilly case, were misdirected by the mover to the location where the closed files were stored; it took several months of digging through the old files to locate the needed Reilly documents. Velk claims he needed these documents to show he had a meritorious claim because without them the needed detailed allegations could not have been made. Attached to the affidavit is an 11-page schedule of time expended and monies advanced.

■■ On March 31, 1977, just four days before the end of the two-year period provided for in section 72 of the Civil Practice Act, Velk finally filed his petition for an order vacating and setting aside the order of April 4, 1975, and opening the judgment for the sole purpose of allowing him to petition for attorney's fees and expenses. Reilly's attorney moved to dismiss the petition on the grounds that the court did not have jurisdiction and Velk lacked standing to file the petition since he was not a party to the

[2] The copy of the order which is in the record indicates that the order was signed on April 9, 1975, and filed on April 10, 1975. For purposes of simplicity, however, we have adopted the petitioner's dates.

[3] It is irrelevant whether the 1975 or 1977 statute is applied as in substance they are identical.

original proceeding. After a hearing, the petition was dismissed on August 12, 1977. Again, since the report of proceedings on August 12, 1977, was not included in the record on appeal, and since the trial judge made no findings, we do not know on what grounds the action was dismissed. Under Illinois jurisprudence, when the record is not complete we must presume that the absent portions would have supported the judgment of the trial court. *Lemons v. Lemons* (1978), 57 Ill. App. 3d 473, 373 N.E.2d 544; 2 Ill. L. & Prac. *Appeal and Error* §§713, 714, 725 (1953).

We affirm the judgment of the trial court both because it lacked jurisdiction to open the judgment and because, even if jurisdiction existed, the petitioner failed to show he had exercised due diligence.

## I.

### A

■ The trial court had no jurisdiction to open the judgment because the petitioner was not a party to the original proceedings.

There can be no question that under Illinois law an attorney is not a party to a proceeding brought by his client. (*Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 375 N.E.2d 522.) The petitioner does not claim that he was. The petitioner, however, contends that since he could have filed a petition in his own name in the original proceedings to recover attorney's fees and expenses, he can seek to reopen the proceedings for the same purpose. Case law, however, is to the contrary. In *Ratner v. Bakery and Confectionery Workers International Union of America* (D.C. Cir. 1968), 394 F.2d 780, the attorneys sought to reopen a case after it had been settled and dismissed so that they could recover attorney's fees. The court, while agreeing that the attorneys might have been able to file such a petition while it was still in progress, held that the attorneys, not being parties to the proceedings, could not seek to have the judgment opened after it had become final.

■ It is true that section 72, unlike its Federal code counterpart, Rule 60(b) (Fed. R. Civ. P. 60(b)), does not expressly limit its availability "to a party or his legal representative." However, section 72 expressly states that bills of error *coram nobis, coram vobis*, writs of *audita querela*, bills of review and bills in the nature of bills of review are all abolished and all relief heretofore obtainable and the grounds for such relief heretofore available, whether by such remedies or otherwise, is available by means of a section 72 petition. Under the old procedures it was well established that if the court had jurisdiction of the parties and the subject matter the judgment could not be attacked by one not a party to the proceedings. (*Martin v. Judd* (1871), 60 Ill. 78; *Magnusson v. Cronholm* (1893), 51 Ill. App. 473; *Canty v. Kelley* (1910), 154 Ill. App. 283.) The limitations of the older procedures are carried over into that created by section 72. It is still

the law that only one who is a party or privy to the record, or who was injured by the judgment and who will derive benefit from its reversal, or who is competent to release error can seek relief under section 72. (*Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183.) Thus, in *Frandsen*, the court held that an attorney sued by his client for malpractice had no standing to have set aside under section 72 the original judgment against his client.

## B

Furthermore, we hold that the court lacked jurisdiction because section 72 was never intended to permit a person not a party to the action to intervene after final judgment and reopen the suit so as to permit a new claim to be filed.

■ There are cases which have permitted the opening of a judgment or the granting of equitable relief from a judgment to allow the defendant to raise the defense of setoff or counterclaim. (46 Am. Jur. 2d *Judgments* §§749, 868 (1969).) But the petitioner has cited no case, and we have found none, where one not already a party has been allowed to have the judgment opened for the purpose of raising a new claim against one of the original parties to the judgment. This is not the purpose of such remedies as error *coram nobis* and bills of review, upon which the present section 72 is based. As has been repeatedly stated, the purpose of such writs, and therefore of the present section 72, is to present to the trial court new matters of fact not appearing in the record which if known to the court when the judgment was rendered would have prevented its rendition. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361; *People v. Stewart* (1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179; *M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560; *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 372 N.E.2d 902; *Summit Electric Co. v. Mayrent* (1977), 54 Ill. App. 3d 173, 369 N.E.2d 319; *Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183.) Furthermore, it is the law in Illinois that normally a person cannot intervene after the rights of the original parties have been determined and a final decree entered. *In re Estate of Reemts* (1943), 383 Ill. 447, 50 N.E.2d 514; *Ackmann v. Clayton* (1976), 39 Ill. App. 3d 1013, 350 N.E.2d 824.

## C

■ Finally, the petitioner has not shown that jurisdiction exists over the defendant. To the contrary, the petitioner alleged that Reilly lives in Ohio and that a conservator was appointed for her in Ohio. There has been no

claim that there are any assets in Illinois. It seems clear, therefore, that the courts of this State do not have jurisdiction over her to hear and determine a claim brought against her. Nor has the petitioner explained how the judgment could be enforced in Illinois since there is no estate in this State.[4]

The petitioner, however, contends that since the court did have jurisdiction in 1971, it continued to have jurisdiction even after Reilly fled the State. This, of course, was true up until the time that action was dismissed in 1975. (*Irmegar v. County of Tazewell* (1914), 264 Ill. 172, 106 N.E. 227.) But the court lost jurisdiction 30 days after the case was dismissed. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Lectro-Stik Co. v. Stepco Corp.* (1974), 19 Ill. App. 3d 900, 312 N.E.2d 385; *Ratner v. Bakery & Confectionery Workers International Union of America* (D.C. Cir. 1968), 394 F.2d 780.) A section 72 proceeding is not a continuation of the original proceeding. Ill. Rev. Stat. 1977, ch. 110, par. 72.

We do not hold that in all situations a section 72 petitioner must establish that the court still has independent jurisdiction over the parties. In most cases, the petitioner seeks to open a default judgment or to correct an error in the original judgment. If the original court lacks jurisdiction over the parties, relief cannot be sought elsewhere. This is not the situation here. Here the petitioner wants to open a judgment so as to make a new claim against the original defendant. This claim cannot be brought in an independent action in Illinois since Illinois lacks jurisdiction. It would be unreasonable to hold that merely because the defendant was sued in 1971, a new claim can be asserted against her in 1977, although she is not a resident of the State, has not transacted business with the petitioner in this State, has not committed a tort in this State and does not have any estate in this State. Ill. Rev. Stat. 1977, ch. 110, par. 17.

To summarize, therefore, as pointed out in *Ratner v. Bakery & Confectionery Workers International Union of America* (D.C. Cir. 1968), 394 F.2d 780, the trial court lost jurisdiction over the case 30 days after the judgment of dismissal was entered and has no jurisdiction to hear the petition for attorney's fees and expenses since section 72 is inapplicable. That section is inapplicable because the attorney has no standing to reopen the case, the claim is not an appropriate one for section 72 relief, and the court has no jurisdiction over a new claim against the defendant, a nonresident.

---

[4] Reilly's attorney informed the court at oral argument that Reilly had died. He subsequently filed a motion to dismiss the appeal contending Reilly's death rendered the case moot, and the motion was taken with the case. Under Illinois law, a suit no longer abates upon death but a special administrator or the administrator of the estate is substituted. (Ill. Rev. Stat. 1977, ch. 110, par. 54.) The action, of course, is against the estate but there is no estate in Illinois, nor was there when the section 72 petition was filed.

## II.

■ Even if, however, we were to hold that jurisdiction did exist, we would still affirm because we believe the trial court properly exercised its discretion in denying the petition.[5]

Section 72 provides a procedure for obtaining relief from a judgment after the passage of 30 days from the date of entry thereof. A motion to vacate or open a judgment pursuant to section 72 is addressed to the equitable powers of the court. (*David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597.) Whether or not the relief prayed for should be granted lies within the sound discretion of the trial court, depending upon the facts and equities presented (*Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 372 N.E.2d 902; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101), and absent an abuse of discretion, its ruling will not be disturbed by the reviewing court. *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 372 N.E.2d 902; *Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597.

■ To be entitled to relief pursuant to section 72, a party must plead and prove facts sufficient to justify relief. (*David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101.) The petition must affirmatively set forth and the petitioner must prove both that a meritorious claim or defense exists and that he exercised due diligence both in presenting the claim or defense and in seeking relief from the judgment. (*Czekaj v. Czekaj* (1978), 66 Ill. App. 3d 484, 384 N.E.2d 63; *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 372 N.E.2d 902; *Rosee v. Board of Trade* (1978), 57 Ill. App. 3d 228, 372 N.E.2d 1000, *appeal denied*; *Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597; *Summit Electric Co. v. Mayrent* (1977), 54 Ill. App. 3d 173, 369 N.E.2d 319; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Graf's Beverages of Illinois, Inc. v. Tauber* (1977), 50 Ill. App. 3d 1047, 366 N.E.2d 150; *Gibbons v. Gibbons* (1977), 50 Ill. App. 3d 942, 365 N.E.2d 1349.) A section 72 petition is not intended to relieve a party from the consequences of his own mistake or negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *People v. Stewart*

---

[5] As we noted earlier in the opinion, the report of proceedings was not included in the record. Accordingly, we must presume that the trial court did consider the merits of the petition and exercised its discretion accordingly.

(1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179; *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 372 N.E.2d 902; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597; *Summit Electric Co. v. Mayrent* (1977), 54 Ill. App. 3d 173, 369 N.E.2d 319; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Gibbons v. Gibbons* (1977), 50 Ill. App. 3d 942, 365 N.E.2d 1349.) And a trial court abuses its discretion when it grants a motion to vacate a judgment pursuant to section 72 where there has been no showing of both a meritorious claim or defense and due diligence. (*Vanderbilt v. Sovereign Oil Co.* (1978), 61 Ill. App. 3d 149, 377 N.E.2d 1071; *Summit Electric Co. v. Mayrent* (1977), 54 Ill. App. 3d 173, 369 N.E.2d 319; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Gibbons v. Gibbons* (1977), 50 Ill. App. 3d 942, 365 N.E.2d 1349.) Petitioner contends that the failure to establish due diligence is not important where no prejudice is shown, but that contention is demonstrably without merit for in none of the four cases cited was the question of prejudice even considered. It is true that the courts do not weigh the question of due diligence in a vacuum and have permitted relief where the petitioner's action can be considered reasonable or excusable, particularly where the other party was guilty of unfair, unjust or unconscionable conduct. (See *M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560; *Chase v. Cummingham* (1978), 64 Ill. App. 54, 381 N.E.2d 27.) However, the petitioner does not contend that the defendant was guilty of any unfair or unconscionable conduct in this case.

The allegations of the section 72 petition clearly disclose that the petitioner failed to exercise due diligence at any time to preserve his rights and that the inability to seek relief has resulted solely from his own negligence. The petitioner failed to appear on April 4, 1975, when the motion of the defendant to dismiss was heard and granted; allegedly this failure to appear was due to a clerical error in the petitioner's law office. But an inadvertent failure to follow a case is not grounds for relief. (*Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044.) Furthermore, the petitioner has not contended that he was unaware that the defendant had moved for dismissal, yet he at no time before April 4, 1975, filed a motion for fees and expenses. This is not a case where a party is defaulted or dismissed for a failure to appear; this is a case where a nonparty does not even bother to make a claim until after final judgment has been entered. There may be equitable reasons for preferring that a case be disposed of on the merits rather than by default, but these same considerations do not apply where a person, not yet a party, never files a claim and the case is dismissed, not for want of prosecution, but as a judgment on the merits.

Nor was this the only instance of negligence. The petitioner obviously knew of the dismissal within 30 days since he served notice of a motion to vacate the order on the defendant's attorney. Nevertheless, although the petitioner as an attorney must have been aware of the rules of procedure, he did not comply with these rules and file the motion in court. Yet a petition for relief under section 72 is required to show a reasonable excuse for failure to file the motion within 30 days. (*Vanderbilt v. Sovereign Oil Co.* (1978), 61 Ill. App. 3d 149, 377 N.E.2d 1071.) We cannot find "inadvertence" to be a reasonable excuse for the failure to comply with the rules of court.

■■ Additionally, despite the trial judge's suggestion that petitioner file a section 72 petition, petitioner did not immediately do so.⁻ While he attempts to excuse this failure by alleging that a file was misplaced, it does not appear from his affidavit that this occurred until some time after May 4; thus, there was no reason why petitioner could not have filed immediately upon the denial of his initial motion to have the judgment vacated. Moreover, even if we would excuse an attorney's failure to pursue a claim diligently simply because he misplaced a file, which we do not, we note that the petitioner does not claim that he made any search at all for the file during that first year after the dismissal. Lastly, we are not inclined to excuse an attorney's failure to pursue proper remedies on the ground that files were misplaced during a move to a new office. (Compare *Dugenske v. Dugenske* (1977), 80 Wis. 2d 64, 257 N.W.2d 865.) In short, we conclude that since the petitioner clearly failed to exercise due diligence, the petition to open the judgment was properly denied.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.