THE PEOPLE *ex rel.* ALFRED N. KOPLIN *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF HINSDALE, Defendant-Appellee.

Second District (2nd Division)    No. 75-221

Opinion filed June 3, 1976.

Paul Gendel, of Chicago, and Richard L. Hoffman, of Porter & Hoffman, of Evanston, for appellants.

Arthur C. Thorpe, of Klein, Thorpe, Kasson & Jenkins, of Chicago, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs are the beneficial owners of an 11-acre complex which includes a 156-unit, 17-story apartment building and a 4-story office building known as the Koplin tract. The complex is bounded on three sides by Hinsdale and on the fourth by the Cook County Forest Preserve.

Plaintiffs filed a motion seeking leave of the court to file two complaints in *quo warranto*, one attacking the validity of the village's ordinance annexing the Spinning Wheel tract adjacent to plaintiffs' property, and the second attacking the validity of defendant's annexation of plaintiffs' property, the Koplin tract. The trial court denied this motion and plaintiff's subsequent motions which sought to have the court vacate its order dismissing and denying application for leave to file complaints in *quo warranto*. Plaintiffs appeal the denial of these motions.

In the spring of 1974, plaintiffs began legal proceedings to prevent annexation of their property. They filed suit in Federal district court challenging the constitutionality of section 7—1—13 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—13), which section permits the involuntary annexation of unincorporated property which is 60 acres or less and is wholly bounded by a municipality and a forest preserve district. The three judge panel held section 7—1—13 constitutional. Between April 16 and May 21, 1974, defendant published notice of its intent to annex the Koplin tract pursuant to this section. In May, plaintiffs filed suit in circuit court seeking an injunction restraining defendant from annexing their property. A temporary restraining order was granted and the matter was continued. The temporary restraining order was dissolved on June 18, 1974, and, that evening, defendant annexed the Koplin tract. Six days later, plaintiffs moved to file the two *quo warranto* complaints which are the subject of plaintiffs' instant appeal. All allegations purporting to establish their right to file the *quo warranto* complaints were contained in the proposed complaints and two subsequent motions to vacate the trial court's order denying plaintiffs' single motion for leave to file its complaints. To determine whether plaintiffs' motion to vacate was properly denied, we consider, as did the trial court, issues raised both

in the proposed complaints and in the subsequent motions.

Plaintiffs alleged that in September, 1973, defendant annexed the Spinning Wheel tract (directly south of and contiguous to plaintiffs' property) pursuant to an annexation agreement. They challenged the validity of that annexation contending that due to various infirmities in the annexation, the tract was subject to disconnection; that if the Spinning Wheel was disconnected, plaintiffs' property would not then meet the statutory requirements for involuntary annexation; and that defendant was therefore without authority to annex plaintiffs' property.

By the terms of the annexation agreement, the Spinning Wheel owner was to be granted a liquor license, upon proper application, subsequent to the annexation. The village agreed to suspend enforcement of its Liquor Control Ordinance while the Spinning Wheel's application for a liquor license was pending and, in the event the sale of liquor was prohibited on the tract, the Spinning Wheel owner, at his option, could disconnect from the village "for any reason other than for violation of the Village Liquor Control Ordinance or the State Statute."

Plaintiffs allege that these provisions were unlawful, rendering the Spinning Wheel annexation agreement a nullity for the following reasons: the agreement and subsequent ordinance allowed the Spinning Wheel owners a liquor license contrary to a 1934 referendum prohibiting the sale of liquor in the village; a municipality has no authority by private contract to deny its power to regulate liquor sales; and the annexation agreement provided for conditional annexation as forbidden by *Maywood-Proviso State Bank v. City of Oakbrook Terrace*, 67 Ill. App. 2d 280 (1966).

Defendant's response cited section 8 of article IX the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 173), which provides that the status of the annexed territory with regard to the sale of liquor shall remain the same until changed by referendum. Further, defendant did not by contract deny its power to regulate liquor sales: their annexation agreement with the Spinning Wheel owners recognized that the annexed area must obtain a liquor license and be subject to provisions of the liquor control ordinance.

The trial court held that conditions of the Spinning Wheel annexation are not the type declared void and unenforceable, since the agreement in this case expressly acknowledged the continuing applicability of the Liquor Control Laws. This agreement was unlike the one condemned in *Maywood-Proviso State Bank*, where the agreement permitted liquor sales for hours in excess of those permitted under a general liquor ordinance.

Plaintiffs alleged that the Spinning Wheel annexation was a nullity for these further reasons: no publication was made as required by section 11—15.1—3 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—

15.1—3), and no plat of annexation was filed with the recorder of deeds. Defendant, however, submitted affidavits showing that both the statutorily required notice and the plat of annexation were filed.

Plaintiffs also alleged that the Spinning Wheel property was annexed pursuant to section 7—1—13 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—13), which section relates to involuntary annexation, and that because the Spinning Wheel tract was bounded by property located in an unincorporated area, the statutory requirements for involuntary annexation were not met. On this point, defendant's answer asserted that the Spinning Wheel tract was not involuntarily annexed; that reference to section 7—1—13, contained in the annexing ordinance, was a typographical error corrected by a subsequent amendment.

Plaintiffs' direct challenge to the validity of the Koplin tract annexation alleged that notice of intent to annex plaintiffs' property was improper because notice was published for the May 21 meeting but not for the June 18 meeting at which the property was actually annexed. The court characterized this argument as frivolous. Noting that the delay was created by a temporary restraining order granted to plaintiffs, the court found that defendant was in compliance with the statute.

Plaintiffs contended that their property was bounded on the east by a "remnant" of a forest preserve, not a "forest preserve district" as required by statute. (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—13(e).) The contention is contradicted by plaintiffs' allegation in their complaint stating that the eastern boundary of their property is adjacent to the Cook County Forest Preserve District and by a map, filed by defendant, verifying such fact.

Plaintiffs also alleged that defendant failed to notify the Yorkfield Fire Protection District (with which plaintiffs had a contract) 10 days prior to annexation as required by section 7—1—1 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—1). Defendant responded that this section requires notice to be served only "when any land proposed to be annexed is part of any Fire Protection District," and that a contract with such a district does not make the territory part of the district requiring notice.

On appeal, plaintiffs contend (1) that they met every condition imposed by statute and case law to obtain leave to file *quo warranto* complaints: (2) the trial court abused its discretion by hearing substantive arguments "in the first instance"; and (3) the trial court erred in its rulings against plaintiffs on the substantive arguments.

■■ *Quo Warranto* is a high-prerogative writ and, in administering the remedy, courts should proceed with deliberation and caution and with the exercise of sound discretion. (*People ex rel. Adamowski v. Wilson*, 20 Ill. 2d 568, 578 (1960); *People v. Village of Hinsdale*, 111 Ill. App. 2d 368, 373 (1969).) The procedure for instituting an action in *quo warranto* is

outlined in the Quo Warranto Act. (Ill. Rev. Stat. 1973, ch. 112, par. 9 *et seq.*) Granting leave to file a complaint lies in the sound discretion of the court which may consider, in addition to the statutory requirements, all circumstances and conditions, the motives of the petitioner in having the proceeding instituted, and whether the public interest will be served or damaged by permitting the action. (*People ex rel. Zimmerman v. Jones,* 308 Ill. 246, 249 (1923); *People ex rel. Palmatier v. Tighe,* 11 Ill. App. 2d 1, 9-10 (1956).) The petition for leave to file must be full, positive and convincing and show the interest of the relator, it must recite facts, not conclusions, sufficient to satisfy the court that there are competent grounds for proceeding. (*People v. France,* 314 Ill. 51, 54 (1924); *People ex rel. Vanderhyden v. Village of Elwood,* 5 Ill. App. 3d 590, 592 (1972).) Where facts in defendant's answer are disputed or if new and doubtful questions of law are presented, leave should be granted to file the *quo warranto* complaint. If, however, the facts are not disputed, and where questions of law raised receive as full and careful a consideration upon the petition for leave to file as upon a final hearing, leave to file should not be granted. (*People ex rel. Village of Lake Bluff v. City of North Chicago,* 5 Ill. App. 3d 142, 148 (1972).) A complaint in *quo warranto* may be laid in general terms or may expressly set forth the grounds for an attack on defendant's claimed right. If the latter, defendant's answer need meet only the challenged points. *People ex rel. Henderson v. Redfern,* 75 Ill. App. 2d 196, 200 (1966).

Plaintiffs did not petition for leave to file the complaints but rather filed a motion in company with the proposed complaints. The court was required, therefore, to look to the proposed complaints to determine whether plaintiffs' motion should be granted. Both parties filed legal memoranda and argued the issues raised in plaintiffs' complaints and subsequent pleadings. Thus, plaintiffs were granted a hearing on the same issues they would have had to prove up in a trial had their motion to file complaints in *quo warranto* been granted. The essential question of this appeal is whether the trial court's refusal to allow plaintiffs a full trial on these issues was an abuse of discretion.

■■ Plaintiffs first contend that they met every statutory and discretionary requirement necessary to obtain leave to file *quo warranto* complaints. For purposes of this opinion, we assume, without holding, that plaintiffs met all the statutory requirements, and examine only whether the discretionary requirements were met. As evidenced by the statement of facts, plaintiffs raised a plethora of factual and legal issues which we will not reiterate. Defendant countered with allegations and supporting affidavits which met the factual disputes and disposed of those issues. Thus, no real conflict of fact exists. The legal questions raised were argued extensively and received the full consideration usually given at a

final hearing. Inasmuch as defendant has met the challenged factual questions, and the legal questions were adequately elucidated, we hold that this case does not warrant another hearing. *People ex rel. Village of Lake Bluff v. City of North Chicago*, at 148; *People ex rel. Palmatier v. Tighe*, at 9-10.

■■ In their brief, plaintiffs raise 17 additional legal arguments which they contend are new or disputed questions of law to this case. Many are repetitious of or slight variations on the issues raised in their pleadings and in argument before the court, and do not warrant a remand for hearing. Still other issues raised are without merit.

■■■ The final two contentions challenge the correctness of the trial court having heard substantive arguments at this stage of the proceedings and its ruling on those substantive matters. Plaintiffs fault the court for allowing a hearing without allowing complaints to be filed, but, as already pointed out, this was the reasonable consequence of plaintiffs' procedure in filing only a motion. Under such circumstance, the court was required to look to and rule on substantive matters within the complaint to determine whether plaintiffs set forth sufficient grounds to entitle them to a trial on these same issues. Our review of the record discloses no error in the trial court's ruling on the substantive issues.

We find that the trial court did not abuse its discretion in refusing to grant plaintiffs' motion to vacate the order denying their application for leave to file the complaints in *quo warranto*.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.