ARTHUR ACKMANN, Plaintiff-Appellant, *v.* O. D. CLAYTON *et al.,* Defendants-Appellees.

Fifth District   No. 75-365

Opinion filed July 9, 1976.

J. Lewis Wingate, of Vienna, for appellant.

James Robert Williamson, of Vienna, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:
On October 28, 1968, plaintiff-appellant, Arthur Ackmann, filed his complaint in the Circuit Court of Johnson County, against the defendants,

O. D. Clayton, Bob Kindrick and Charles Russell. The defendant, Bob Kindrick, was thereafter personally served and filed his answer to the complaint. The defendant, Charles Russell, was never served. The defendant, O. D. Clayton, a nonresident, was served by publication.

On July 28, 1969, a default personal money judgment was entered against O. D. Clayton. A memorandum of this judgment was thereafter filed in the recorder's office of Johnson County where O. D. Clayton was the owner of real estate.

On April 29, 1975, L. L. Thompson and Betty Jo Thompson, subsequent purchasers of the Johnson County real estate, previously owned by O. D. Clayton, filed a motion to intervene as party defendants, and a motion to vacate the judgment entered July 28, 1969, against O. D. Clayton. Both motions were granted by an order dated May 15, 1975, which expressly found that there was no just reason for delaying appeal. It is from this order that this appeal is taken.

Appellant has argued only one issue on appeal: whether the trial court erred in granting appellees' motion to intervene. It is his position that this motion was not timely and that the appellees had insufficient interest to warrant the granting of the intervention. The appellees urge that the personal money judgment against O. D. Clayton was void for lack of jurisdiction.

It is undisputed that the memorandum of judgment filed by appellant constitutes a lien on the real estate now owned by appellees. The record does not indicate when the appellees acquired the real estate from O. D. Clayton.

Appellees allege that they are proper parties to intervene in the judgment against defendant O. D. Clayton, stating that: (1) they are successors in title to the real property against which the judgment against defendant Clayton is imposed; (2) the judgment constitutes a lien and cloud on the title of the real property; and (3) they are proper parties to intervene as a matter of right pursuant to section 26.1 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 26.1(1)(c)), since they are so situated "as to be adversely affected by a * * * disposition of property in the custody or subject to the control or disposition of the court."

Intervention is a matter within the sound discretion of the trial court and its judgment will not be reversed unless a clear abuse of discretion is shown. *(United Steelworkers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392; *Elmhurst-Chicago Stone Co. v. Village of Bartlett* (1975), 26 Ill. App. 3d 1021, 1026.) Under the intervention statute here in question (Ill. Rev. Stat., ch. 110, par. 26.1) it is no longer necessary for the intervenor to show a direct interest in the suit. What is required is that the intervenor have an enforceable or recognizable right and more than a

general interest in the subject matter. *United Steelworkers of America, Local 5292; Cooper v. Hinrichs* (1957), 10 Ill. 2d, 269, 277.

The subject matter of the original litigation in which appellees were allowed to intervene, was a tort action against the defendant Clayton. Appellees had no interest whatever in the litigation during its pendency. The intervening appellees could not have been named as parties in the original litigation, and complete determination of the controversy in the original suit was possible without their presence.

Whatever interest appellees acquired in the subject matter of the original suit was the result of their purchase of property from appellee Clayton. Appellees purchased the land with notice of and subject to the lien resulting from the judgment against appellee Clayton. No fraud was alleged.

Intervention is not an independent proceeding, but is an ancillary and supplemental one which must be in subordination to the main proceeding. (59 Am. Jur. 2d *Parties* §179, at 618 (1971).) There was nothing in the record of this case which suggested that the appellees had any interest during the pendency of the litigation which had been prejudiced. The only prejudice to appellees' interest existed after their purchase of the defendant's property.

Intervention generally must be sought during the pendency of the litigation and is not permissible after a final decree has been entered. *(Fisher v. Capesius,* 369 Ill. 598; *In re Belleville Bank and Trust Co.,* 302 Ill. App. 359.) When leave to intervene is granted after a final decree, the application to intervene must be timely. *(Duncan v. National Tea Co.,* 14 Ill. App. 2d, 280.) Here, appellees were permitted to intervene by the trial court almost six years after the entry of a judgment and a final decree against appellee, Clayton.

From the foregoing we conclude that the trial court has abused its discretion in granting appellees' motion to intervene and motion to vacate where appellees had no recognizable or enforceable right in the subject matter of the litigation. Our view of the case makes it unnecessary to decide the jurisdictional issue raised by appellees.

The order of the trial court is reversed, and the judgment against appellee O. D. Clayton reinstated.

Judgment reversed with directions.

G. J. MORAN and JONES, JJ., concur.