BERNARD H. SEGER *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF DU PAGE, Defendant.—(JOHN RYVOLD, JR., *et al.*, Petitioners-Appellants.)

Second District   No. 76-553

Opinion filed April 4, 1978.

Robert Greenwalt, of Harold J. Spelman & Assoc., of West Chicago, for appellants.

Lyle H. Rossiter, of Woodstock, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

John Ryvold, Jr., and Earl Sobinsky appeal from an order which denied them leave to intervene.

A declaratory judgment had been entered on June 27, 1973, in a suit brought by the plaintiffs against the county of Du Page which granted plaintiffs the special use permission to excavate sand, gravel and to quarry stone on an 84-acre tract until June 27, 1978, or the earlier termination of the mining operations. The judgment was conditioned upon various operating restrictions and upon the obligation of the plaintiffs and their successors to contour and grade the land surrounding a lake to be created on the property by the excavations. The judgment provided, "The court retains jurisdiction to interpret and enforce all provisions hereunder."

On December 16, 1974, the plaintiffs petitioned the court to modify the declaratory judgment. The petition recited that the Forest Preserve District of Du Page County had filed a petition to condemn a large part of the real estate for public use and had planned construction of a water retention basin to prevent flooding of property adjoining the west branch of the Du Page River which flows through part of the real estate; that there were negotiations under which plaintiffs had given the district the alternative proposal to accept $6800 per acre if the plaintiffs were to mine the property only until June 27, 1978, or $6500 an acre if permitted to extend the operation until June 27, 1981. The petition further recited that the planned water retention basin would require a larger excavation than originally contemplated by plaintiffs and would therefore possibly require the extended time; and that the Forest Preserve District had accepted the latter proposal in the public interest for the 76.51 acres to be taken. On the same date, December 16, 1974, an order was entered modifying the decree to extend the operation to June 27, 1981. The order recited that it was "upon due notice."

On March 22, 1976, the petitioners sought to intervene as party

defendants. Their petition as amended alleged that they were adjoining property owners; the court was without jurisdiction to enter the modification order of December 16, 1974; the declaratory judgment of June 27, 1973, limited the excavation to 35 feet in depth but that the plaintiffs are excavating to 50 feet in depth; and that a constitutional question is involved, since the quarry operation creates noises, dust particles, amounting to a nuisance diminishing their property values. On September 16, 1976, on plaintiffs' motion the court entered an order denying the petitions from which the petitioners have appealed.

The petitioners claim the right to intervene pursuant to section 26.1 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1) on the ground that the modification order vitally affects their interest as adjoining owners. They also contend that the modification order was void. The plaintiffs argue, however, that the amendment was by consent of the original parties to the suit and therefore valid; the intervention was not timely sought and the refusal was therefore a proper exercise of the court's discretion. Plaintiffs also contend that the court properly denied intervention because the present owner of the property, the Forest Preserve District, is not a party and any order as to the real estate would be void as to it; and that, rather, the subject matter of the intervening action is properly in the pending circuit court suit in which the district is a party together with the parties to this suit.

■■ The petitioners do not specify the particular provision of the intervention statute upon which they rely but apparently they are claiming that they should be permitted "as of right" to intervene under the portion of the section which provides:

> "§26.1 *Intervention.* (1) Upon timely application anyone shall be permitted as of right to intervene in an action: * * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action * * *." (Ill. Rev. Stat. 1975, ch. 110, par. 26.1.)

To come within the section a petitioner must have an enforceable or recognizable right and more than a "general interest" in the subject matter. (*Cooper v. Hinrichs,* 10 Ill. 2d 269, 277 (1957); *United Steelworkers of America v. Bailey,* 29 Ill. App. 3d 392, 393 (1975).) It has been held that adjoining landowners possess rights which may be adversely affected in a declaratory judgment action construing a zoning ordinance. (*Anundson v. City of Chicago,* 44 Ill. 2d 491, 495 (1970).) Intervention may be allowed even after judgment where it is necessary to protect the intervenor's rights. (44 Ill. 2d 491, 497.) Where a court reserves jurisdiction to enforce its decree an adjoining owner may intervene to advise the court of any violation and to insure compliance. (44 Ill. 2d 491,

496.) However, the application to intervene must be timely. 44 Ill. 2d 491, 497; Ill. Rev. Stat. 1975, ch. 110, par. 26.1(1)(b).

■■ We first conclude that the petitioners have described an interest in the subject matter of the declaratory judgment action which, "upon timely application" would have permitted them "as of right" to intervene in the original action pursuant to section 26.1(1) of the Civil Practice Act. They did not, of course, seek to intervene in the original declaratory judgment action. Inasmuch as the court retained jurisdiction the petitioners could have intervened at any further time the declaratory judgment was in effect to advise the court of any violations of the decree which adversely affected them as adjoining owners. However, the allegation that the original decree allowed gravel mining only to a depth of 35 feet and that this was being violated has no support in the record. The original decree is silent about the depth of the mining to be permitted. Thus, this affords no ground for intervention.

Petitioners right to intervene based on the broad constitutional claims related to any zoning regulation must be shown to be timely. Intervention generally must be sought during the pendency of an action in which the pertinent issues could have been reached (*Fisher v. Capesius*, 369 Ill. 598, 604-05 (1938); *Ackmann v. Clayton*, 39 Ill. App. 3d 1013, 1015 (1976)) and while circumstances may be shown in which intervention is not barred even though it is sought as of right after a final decree has been entered it must, in any event, be shown to be a timely application. *Anundson v. City of Chicago*, 44 Ill. 2d 491, 497 (1970); *Ackmann v. Clayton*, 39 Ill. App. 3d 1013, 1015 (1976); *Hagen v. Ruby Construction Co.*, 13 Ill. App. 3d 725, 728 (1973).

■■ The trial court's discretion denying the right to intervene was properly exercised under all of the circumstances. The same constitutional issues which petitioner sought to raise following the modification of the judgment could have been raised in the original proceeding. The modification of the decree to extend the time in which the special use was to be operative was a reasoned recognition of the change in circumstances brought about by the condemnation suit, the purchase by the Forest Preserve District and its plan for an enlarged water retention basin on the property in the public interest. The petitioners did not seek to intervene to raise the issues involved in the modification until some fifteen months after the entry of the modifying order. This could properly be viewed by the trial court as an untimely application.

Petitioners' further argument that if they were permitted to intervene they would raise as a meritorious issue that the court lacked authority to enter the modification order and it was therefore void since it went beyond the jurisdiction which the court retained to supervise its original

judgment and in fact gave no relief does not afford a right to intervene. At best it states a matter which the intervenors would raise if permitted to do so. Even then the issue is of doubtful merit since there is nothing in the record to show that the County of Du Page which was the original party defendant has objected or does object to the amendment, and the modified judgment appears to be by consent. See *Bergman v. Rhodes*, 334 Ill. 137, 142 (1929).

The judgment is affirmed.

Affirmed.

RECHENMACHER and BOYLE, JJ., concur.