*In re* APPLICATION OF COUNTY COLLECTOR OF DU PAGE COUNTY.—
(ALFRED N. KOPLIN, Objector-Appellant, *v.* THE COUNTY COLLECTOR
OF DU PAGE COUNTY, Applicant-Appellee.—(THE VILLAGE OF
HINSDALE, Intervenor-Appellee.))

Second District    No. 77-340

Opinion filed August 15, 1978.

Richard L. Hoffman, of Hinsdale, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton, and Arthur C. Thorpe, of Klein, Thorpe, Kasson & Jenkins, of Chicago, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The County Collector of Du Page County, hereinafter the Collector, brought an action to obtain judgment for sale against certain real estate owned by the objector-appellant, Alfred N. Koplin, hereinafter the objector, which was delinquent in real estate taxes for the tax year 1974. The objector filed his objections to the Collector's action and moved for orders of refund. The intervenor-appellee, the village of Hinsdale, hereinafter the village, was granted leave to intervene in both of the objector's objections. The objections were consolidated for hearing in the circuit court of Du Page County, and the trial court denied objector's objections and related request for the refund of taxes.

The chronological order of events involved in the objector's objections to the annexation of his two parcels of land, hereinafter the Koplin tract, and a parcel commonly known as the Spinning Wheel tract have been fully elucidated in *People ex rel. Koplin v. Village of Hinsdale* (1976), 38 Ill. App. 3d 714, 348 N.E.2d 483, and will be repeated herein only to the extent necessary to understand this particular appeal. In *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714, this court affirmed the trial court's denial of plaintiff's application for leave to file two complaints in *quo warranto*, the first of which attacked the village's ordinance annexing the Spinning Wheel tract adjacent to plaintiff's property, and the second of which attacked the validity of the village's annexation of the Koplin tract. While this first appeal was pending, the objector, on June 2, 1975, filed objections to the village's 1974 tax levy on the Koplin tract and paid the taxes thereon under protest.

After this court's opinion in *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714, the objector filed a motion for an order of refund against the Collector for the 1974 taxes levied on his tract. The trial court granted the village leave to intervene in the objector's action and, after a hearing, denied the objector's request for a refund and also denied the objector's objections to the village's 1974 tax levy. The objector appeals from the trial court's orders granting the village leave to intervene, the trial court's denial of the objector's objections, and the trial court's denial of a refund as to the village's 1974 tax levy on his tract of land.

Two primary issues are presented for review. First, whether the trial court erroneously granted the village leave to intervene, and second, whether the trial court erroneously denied the objector's objections and request for a refund.

The objector's main intervention argument is that the village's petition to intervene should have been denied because the village's petition did not set forth the proper statutory grounds to intervene as contained in section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 26.1). In particular, the objector avers that the village's petition did not "present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he proposes to file." (Ill. Rev. Stat. 1977, ch. 110, par. 26.1(5).) We disagree.

It is well established that intervention is a matter within the sound discretion of the trial court and its judgment will not be reversed unless a clear abuse of discretion is shown. (*Ackmann v. Clayton* (1976), 39 Ill. App. 3d 1013, 350 N.E.2d 824; *Steelworkers Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 329 N.E.2d 867.) The purpose of the intervention section is to expedite litigation by disposing of an entire controversy among individuals or entities involved in one action and to prevent a

multiplicity of actions. (*Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 539, 331 N.E.2d 172.) Additionally, statutes and sections pertaining to intervention are to be liberally construed. *Forestview Homeowners Association, Inc. v. County of Cook* (1974), 18 Ill. App. 3d 230, 309 N.E.2d 763.

■■ Herein, our review of the village's petition to intervene and its related argument, both at trial and in its motion, conclusively establish that the trial court did not abuse its discretion in allowing the village's petition to intervene. The objector's tax objection was based mainly on what the objector alleged were procedural imperfections and other errors in the village's annexation of his tract. Thus, the representation of the village's interest by the Collector would have been inadequate and the village would have been bound by the trial court's judgment based on the validity of a tax levy founded on an invalid annexation by the village, and the trial court properly granted its petition to intervene. (Ill. Rev. Stat. 1977, ch. 110, par. 26.1(1)(b).) Additionally, the village is not prohibited by any statute from intervening in an objector's action which contests the validity of its annexation and, accordingly, has standing to intervene. *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 280 N.E.2d 744.

■■ The objector's second contention is that the trial court erred in denying his objections to the Collector's application and his request for a refund. Paramount to a determination of this issue is whether or not the objector's arguments presented herein have been previously considered and ruled upon by this court in *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714. The objector's major arguments under this contention are that the annexation of his land to the village was invalid because: (1) The village failed to publish proper notice as required by section 11—15.1—3 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—3); (2) The village's annexation failed to meet the requirements of section 7—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—13), which permits the annexation of a territory by a municipality only when it is bounded in whole or in part by that municipality; and (3) That the village did not properly file the plat of annexation for the property in question with the recorder of deeds as required by section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—8).

A close examination of the above arguments reveals that these very same contentions were raised and disposed of in the objector's *quo warranto* action in *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714. Therein, this court, after explicitly setting forth the numerous arguments of the plaintiffs who were suing in their capacity as

the beneficial owners of the identical tract of land at issue here and of which the objector herein was one of the plaintiffs, stated:

"As evidenced by the statement of facts, plaintiffs raised a plethora of factual and legal issues which we will not reiterate. Defendant countered with allegations and supporting affidavits which met the factual disputes and disposed of those issues. Thus, no real conflict of fact exists. The legal questions raised were argued extensively and received the full consideration ususally given at a final hearing. Inasmuch as defendant has met the challenged factual questions, and the legal questions were adequately elucidated, we hold that *this case does not warrant another hearing*. [Citations]." (38 Ill. App. 3d 714, 718-19.)

The court further concluded that the trial court under the numerous contentions presented

"* * * was required to look to and rule on substantive matters within the complaint to determine whether plaintiffs set forth sufficient grounds to entitle them to a trial on these same issues. Our review of the record discloses no error in the trial court's ruling on the substantive issues.

We find that the trial court did not abuse its discretion in refusing to grant plaintiffs' motion to vacate the order denying their application for leave to file the complaints in *quo warranto*." 38 Ill. App. 3d 714, 719.

In the present case, the objector is attempting to collaterally attack the judgment of this court in *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714, by asserting the same arguments attacking the validity of the village's annexation under the very same statutes. The only difference here is that the objector is requesting a different remedy in the form of an objection to the tax levy and a refund of his taxes paid, in asserting that the annexation of his tract by the village was improper and invalid. Whereas, in *People ex rel. Koplin v. Village of Hinsdale* the objector herein was one of the plaintiffs in his capacity as the beneficial owner of the same tract of land involved in this appeal and asserted the self-same arguments in attacking the validity and propriety of the village's annexation of his property, which was the basis of his motion for leave to file complaints in *quo warranto*. Under these circumstances, the objector's arguments herein are thus an impermissible collateral attack on the validity and propriety of the village's annexation of this particular tract of land, which this court upheld in *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714, and the objector is collaterally estopped by *res judicata* from asserting these arguments again under a different theory or cause of action. (*Hamer v. Dixon* (1978), 61 Ill. App. 3d 30, 377 N.E.2d

820.) Accordingly, we affirm the trial court's order granting the Village leave to intervene, the trial court's denial of the objector's objections, and the trial court's denial of the objector's request for relief in the form of a refund.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.