CHANNAHON PARK DISTRICT, Appellant, v. KENT BOSWORTH, County Treasurer, *et al.*, Appellees—CHANNAHON SCHOOL DISTRICT 17, Appellant, v. KENT BOSWORTH, County Treasurer, *et al.*, Appellees—CHANNAHON SCHOOL DISTRICT 17, Appellant, v. KENT BOSWORTH, County Treasurer, *et al.*, Appellees.

Third District   Nos. 3—85—0210, 3—85—0221, 3—85—0223 cons.

Opinion filed July 25, 1986.

Robert C. Condon, of Condon & Bruggeman, of New Lenox, for appellant Channahon Park District.

Barbara A. Adams, Peter M. Rosenthal, and Louis Ancel, all of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellant Channahon School District 17.

John A. Urban, Assistant State's Attorney, of Joliet, for appellee Kent Bosworth.

Kenneth E. Timm, Douglas F. Spesia, and Neil T. Goltermann, all of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellees Mobil Oil Corporation, Amoco Chemical Corporation, and Amoco Pipeline Company.

JUSTICE STOUDER delivered the opinion of the court:

On the court's own motion, these cases were consolidated for opinion after oral argument. They present similar issues for review which stem from a common set of facts.

In 1980, the Will County State's Attorney initiated a lawsuit in the circuit court for the purpose of making an application for judgment and order of sale of all personal and real property upon which personal and real property taxes for the year 1978 were not paid. The case was brought in the name of the People of the State of Illinois through Kent Bosworth, the county treasurer and *ex officio* collector of taxes of Will County.

As a result of this application for 1978 delinquent taxes, Mobil Oil Corporation (herein referred to as Mobil), Amoco Chemical Corporation and Amoco Pipeline Company (these two companies collectively referred to herein as Amoco), filed certain objections to personal and real property owned in Will County. Two types of objections were filed. The first type alleged that the Will County board of review increased the personal and real-property assessments without publica-

tion as required by the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 482 *et seq.*). The second type relates to specific rate objections made against various taxing districts depending on the location of the respective properties.

The objections included a listing of the levying units in Will County against which these objections were directed. The listings included the Channahon Park District (herein referred to as park district) but failed to include Channahon School District 17 (herein referred to as school district). Neither park district nor the school district received notice that these tax objections had been filed or notice of any hearings upon the objections held before the circuit court as required by section 194 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 675).

Following receipt of certain documents pursuant to discovery requests, Mobil and Amoco filed requests to admit certain allegations of fact pursuant to Supreme Court Rule 216 (87 Ill. 2d R. 216). The county treasurer and Will County were requested to admit that the Will County supervisor of assessments failed to publish the 1978 revised assessment lists and that the supervisor of assessments also failed to provide written notice of changes of the 1978 assessments as required by section 103 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 584). Further, the county treasurer and Will County were requested to admit that the Will County board of review failed to publish notice, in a newspaper of general circulation of increases in assessments and that the board of review also failed to give the respective objectors an opportunity to be heard as required by section 108 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 589(5)). The Will County State's Attorney filed an answer to the request to admit and stated in all instances that he was unable to admit or deny the facts because there were no records to verify the allegations.

Thereafter, Mobil and Amoco moved for summary judgment. The hearing on the motions for summary judgment were continued several times because the State's Attorney and the objectors were attempting to negotiate a settlement. Finally, on January 31, 1985, the State's Attorney and the objectors presented agreed orders which settled the tax objections made by Mobil and Amoco.

On April 1, 1985, the park district filed a motion and notice of hearing on a petition for leave to intervene. On the same date, the school district filed motions with this court (1) for leave to file notices of appeal and to consolidate appeals, and (2) to stay enforcement of trial court orders. On April 4, 1985, a hearing on the park district's motion was heard and by order of court, it was denied. No notice of

appeal from this order appears in the record nor any stay of the trial court's refund orders as to the park district. However, our order of June 19, 1985, granting the school district's motions also included leave for the park district to appeal. For the following reasons, the judgments of the circuit court of Will County are affirmed.

■ Initially, we must determine whether the objections filed by Mobil and Amoco are defective and invalid. The school district contends the objections are defective and invalid because the objections failed to list the school district as a tax levying unit. The park district contends the objections are defective and invalid because the Will County clerk failed to give the park district the required 30-day notice of the filing of the objections and because the Will County State's Attorney failed to give the park district the required 4-day notice prior to hearing on the objections.

Section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 675) provides in pertinent part as follows:

> "Any *** objection *** filed *** shall contain on the first page thereof a listing of the tax levying units against which the objection is directed ***. The county clerk shall, within 30 days from the last day for filing of objections, notify the duly elected or appointed custodian of funds for each tax levying unit, whose tax monies may be affected by such objections, that such objection has been filed ***. The State's Attorney shall also notify such custodian and the county clerk in writing of the date, time and place of any hearing before the court to be held upon such objection or amended objection not later than 4 days prior to the hearing thereon."

Mobil and Amoco contend, and we agree, that the nature of the objections was twofold. First, a general assessment objection was made because of the actions, or lack thereof, of county assessment officials who allegedly failed to give notice and make publication of increases in assessments for the 1978 tax year. Second, specific rate objections were made in regard to allegedly illegal and excessive levies extended against the assessed valuation by certain tax levying units. Specific rate objections were made on levies extended by the park district, but none were made on levies extended by the school district.

Section 194 states that only those tax levying units against which the objection is directed have to be listed on the objection. Since Mobil and Amoco did not object to levies extended by the school district, the school district was properly omitted from the objections. Additionally, we interpret Section 194's 30-day-notice requirement to mean the giving of notice to only those tax levying units listed on the

objections. Therefore, the school district was not entitled to be given 30-day notice of the filing of the objections.

■ The park district, however, was listed as a tax levying unit pursuant to statute and should have been given the required 30-day notice. We decline, however, to reverse based upon the failure of the county clerk to do so. In this case, no better resolution of the objections would have occurred had notice been given and, in fact, it is more likely that a less favorable result would have occurred as shall be explained more fully when the issue of the competency of the State's Attorney to handle this matter is addressed. Similarly, the lack of notice by the State's Attorney would not have affected the outcome of the case.

Next, we address the issue of whether the State's Attorney adequately represented the interests of the school district and the park district, respectively. The school district argues that the State's Attorney did not have the authority to enter a compromise settlement agreement with Mobil and Amoco covering the school district's tax revenues because the school district never received any notice of the existence of the objections. Similarly, the park district contends that with proper notice, it could have sought leave to intervene directly in the case so that its full participation could have been assured and it would have been able to determine, in advance of the orders entered by the trial court, the adequacy of the State's Attorney representation of the interests of the park district.

This court has previously held that provisions of sections 194 and 194a of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, pars. 675, 675a), grant the State's Attorney authority to negotiate and enter into compromise agreements with objectors in order to dispose of the objections by settlement. (*People ex rel. Thompson v. Anderson* (1983), 119 Ill. App. 3d 932, 457 N.E.2d 489.) In the present case, the objectors alleged that the 1978 assessments were increased approximately 20% from the 1977 assessed value and that there was a failure to publish the increased valuation pursuant to the Revenue Act. The objectors filed motions for summary judgment based on the alleged illegal actions of Will County assessment officials. The motions were supported by the affidavit of Nancy Oseland, who was clerk of the board of review from January 1978 to October 1978 and the supervisor of assessments from October 1978 to November 1982. Her sworn statement admits (1) that the 1978 assessments of property owned by Mobil and Amoco were subject to illegal increases; (2) that there was no publication by the supervisor of assessments that 1978 assessments would be changed by application of the previous year's township mul-

tipliers; (3) that no written notice was given to either Mobil or Amoco of the proposed increases, and publication was made only for parcels with a physical change from the 1977 tax year; and (4) that the board of review made the 1978 assessment increases without publication of a notice in a general-circulation newspaper.

■ A review of the record discloses that the objectors likelihood of prevailing was great. The State's Attorney was faced with a very weak case. Settlement appears to have been the proper course of action. Indeed, by virtue of the settlement, the State's Attorney's settlement saved approximately 20% of the amount which would have been refunded to the objectors they had succeeded at trial. The settlement prevented a greater loss of revenue to all taxing units including the school district and park district.

We note that in our Rule 23 order allowing the school district and park district leave to appeal, our comments as to the sufficient showing of inadequate representation were based on preliminary allegations of inadequate representation by the State's Attorney. In *People ex rel. Thompson v. Anderson* (1983), 119 Ill. App. 3d 932, 933, 457 N.E.2d 489, the court observed that "where multiple units of government have an interest in the outcome *** the public is best served by recognizing the authority of the State's Attorney to control this litigation on behalf of *** all *** taxing bodies affected." The State's Attorney, as the legal representative of all the taxing units in the tax collecting process, should and does have the power and the authority to bind the units represented unless it can be shown his representation was inadequate. We do not believe either district has shown on appeal inadequate representation of their interests by the State's Attorney in this matter. As we have noted, neither the deficiencies in the procedure nor the substantive result of disposing of the objections by compromise settlement resulted in any prejudice supporting a claim of inadequate legal representation.

Accordingly, for the foregoing reasons, the judgments of the circuit court of Will County are affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.