2-00-0491

No. 2--00--0491 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

ABN AMBRO SERVICES CO., INC., 
et al.
,

Objectors-Appellees,

v.

NAPERVILLE PARK DISTRICT,

Intervenor-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Du Page County.

No.  98--TX--10004

Honorable

Robert E. Byrne,

Judge, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

This matter comes before the court as an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  We are presented with the following certified question:

"Must [a] petitioner for intervention allege that representation by the State's Attorney is inadequate in a tax rate objection case under Section 23-10 of the Property Tax Code in order to be considered for intervention as of right under Section 2-408(a)(3) of the Code of Civil Procedure?"

We answer the question in the negative.

The relevant facts are as follows.  A group of taxpayers, including ABN Ambro Services Co., Inc.
 (objectors), filed objections in the circuit court of Du Page County.  Objectors alleged that the 
1997 tax levy adopted by the Naperville Park District (Park District) failed to comply with the notice provisions of the Truth in Taxation Law (35 ILCS 200/18--55 
et seq.
 (West 1998)).  The Property Tax Code (Tax Code) (35 ILCS 200/1--1 
et seq.
 (West 1998)) grants the State's Attorney the authority to compromise and settle tax objections with property owners.  See 35 ILCS 200/23--30 (West 1998); 
In re Application of the County Collector for Delinquent Taxes, for at Least Five Years Prior to 1987
, 155 Ill. 2d 520, 527 (1993). 

On August 13, 1999, before any tax objections were settled, the Park District filed a petition for leave to intervene, claiming that it was entitled to intervene as a matter of right under section 2--408(a)(3) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2--408(a)(3) (West 1998)) because it was "so situated as to be adversely affected by the distribution or other disposition of the property subject to the control or disposition of the court."  The Park District complained that, if the tax objections were upheld or settled, approximately $150,000 would be withheld from its future tax distributions.

In their answer to the Park District's petition, objectors responded, 
inter alia
, that the Park District had no right to intervene.  Objectors claimed that the only basis for intervention under Illinois law is that of inadequate representation by the State's Attorney (see 735 ILCS 5/3--408(a)(2) (West 1998); 
Channahon Park District v. Bosworth
, 145 Ill. App. 3d 820, 825 (1986)) and that the Park District did not present any evidence that the State's Attorney's representation was inadequate.

On November 10, 1999, the trial court denied without prejudice the Park District's petition to intervene.  In response, the Park District filed a motion entitled "Motion to Reconsider, or, in the Alternative, Motion for Rule 308(a) or 304(a) Finding."  Following a hearing on February 16, 2000, the trial court 
denied the Park District's motion.  However, it certified the following question for review pursuant to Rule 308(a) (155 Ill. 2d R. 308(a)):

"Must the petitioner for intervention allege that representation by the State's Attorney is inadequate in a tax rate objection case under Section 23-10 of the Property Tax Code in order to be considered for intervention as of right under Section 2-408(a)(3) of the Code of Civil Procedure?"

This court denied permissive interlocutory appeal.  The Park District then filed a petition for leave to appeal with our supreme court.  The supreme court issued a supervisory order vacating this court's denial of an interlocutory appeal and directing this court to allow the application for interlocutory appeal and to consider the merits of the appeal.  
ABN Ambro Services Co. v. Naperville Park District
, 191 Ill. 2d 525 (2000).

Before we resolve the question certified by the trial court, we address some matters raised by objectors as to why we should not answer the question.  At the outset, objectors claim that addressing the question certified in this case requires this court to render an advisory opinion.  According to objectors, the Park District cannot prove that it has property which is "in the custody or subject to the control or disposition of the court or a court officer" as required by section 2--408(a)(3) of the Civil Code (735 ILCS 5/2--408(a)(3) (West 1998)).  Since the Park District cannot meet the basic requirements for intervention under section 2--408(a)(3), objectors reason that a ruling on the certified question would be advisory.  We disagree.  The certified question we are asked to answer is whether 
a party wishing to intervene under section 2--408(a)(3) of the Civil Code is also required to allege that the State's Attorney's representation was inadequate.  The issue whether the Park District has met the basic requirements necessary to intervene under section 2--408(a)(3) is a wholly separate matter that is not before us today.  The trial court recognized as much when, at the hearing on the Park District's motion to reconsider, it noted that it was not yet deciding whether the Park District had any property subject to the control or disposition of the court.

Objectors also contend that the intervention provision of section 2--408(a) of the Civil Code does not apply to tax objection cases.  We disagree.  To the extent that the Tax Code 
does not regulate matters of procedure, the Civil Code applies.  See 
People ex rel. Southfield Apartment Co. v. Jarecki
, 408 Ill. 266, 274 (1951)("where the Revenue Act [the statute that formerly contained the relevant provisions of the Tax Code] is silent, * * * the Civil Practice Act and rules of court apply"); 
In re Application of the Cook County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1987 & Prior Years
, 271 Ill. App. 3d 12, 16 (1995) ("To the extent that the Revenue Act does not regulate matters of procedure, the Code of Civil Procedure applies"); 
In re Application of Rosewell
, 236 Ill. App. 3d 165, 168-69 (1992).  Indeed, section 2--108(b) of the Civil Code provides:

"(b) In proceedings in which the procedure is regulated by statutes other than those contained in the Act, such other statutes control to the extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes."  735 ILCS 5/1--108(b) (West 1998).

While the Tax Code contains a section relating to procedures for and adjudication of tax objections (see 35 ILCS 200/23--5 
et seq.
 (West 1998)), objectors do not cite, and we have been unable to locate, any provision in the Tax Code in which intervention is regulated.  Accordingly, we find that the Civil Code's intervention provision applies to proceedings under the Tax Code. 

We now address the certified question.  The resolution of the certified question requires us to interpret section 2--408(a) of the Civil Code (735 ILCS 5/2--408(a)(West 1998)).  The fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature.  
In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992
, 181 Ill. 2d 237, 244 (1998).  The legislature's intent is best discerned from the language of the statute itself.  
In re Marriage of Devick
, 315 Ill. App. 3d 908, 915 (2000).  Where the statutory language is clear, the court must give it effect without resorting to other aids of construction (
Devick
, 315 Ill. App. 3d at 915) and may not read into the statute exceptions, conditions, or limitations that the legislature did not express (
Moon v. Smith
, 276 Ill. App. 3d 958, 962 (1995)).  In addition, we note that statutes pertaining to intervention are to be liberally construed.  
In re Application of County Collector of Du Page County
, 63 Ill. App. 3d 8, 11 (1978).

Section 2--408(a) provides:

"§ 2-408.  Intervention.  (a) Upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer."  735 ILCS 5/2--408(a) (West 1998).

The plain language of section 2--408(a)(3) leads to the conclusion that the legislature intended a party wishing to intervene to allege inadequate representation only where the party proceeded under section 2--408(a)(2) of the Civil Code.  Section 2--408(a)(3) contains no requirement that the proposed intervenor allege inadequate representation by the State's Attorney, and we refuse to read this requirement into the statute.

Objectors point out that section 23--15 of the Tax Code (35 ILCS 200/23--15 (West 1998)), pertaining to tax objections, specifically mentions the Civil Code in relation to joinder of plaintiffs.  Objectors claim that the reference to the Civil Code in section 23--15 indicates that the legislature did not intend the Civil Code's section 2--408 intervention provisions to apply to tax objection cases.  Again, we disagree.  Since the Tax Code contains no provision for intervention, under objectors' analysis, intervention would be prohibited in any tax objection case.  This proposition is contrary to section 2--108(b) of the Civil Code. Moreover, our supreme court recently affirmed the propriety of intervention under section 2--408 of the Civil Code in tax objection cases.  See 
In re Application of the County Collector of Du Page County
, 181 Ill. 2d 237, 247-48 (1998) (holding that the trial court did not abuse its discretion in granting parties in tax objection case leave to intervene under either section 2--408(a) or 2--408(b) of the Civil Code).

Channahon
, 145 Ill. App. 3d 820, cited by objectors in the trial court and referenced in their brief to this court, is distinguishable.  
The 
Channahon
 court stated that "[t]he State's Attorney, as the legal representative of all the taxing units in the tax collecting process, should and does have the power and the authority to bind the units represented unless it can be shown his representation was inadequate."  
Channahon
, 145 Ill. App. 3d at 825.  However, it is unclear whether the party wishing to intervene in 
Channahon
 proceeded under section 2--408(a)(2) or section 2--408(a)(3) of the Civil Code.  Further, the 
Channahon
 decision never specifically states that a party wishing to intervene under section 2--408(a)(3) of the Civil Code must allege inadequate representation in order to intervene.

Objectors also note that the legislature has rejected changes in the Tax Code to liberalize intervention by tax districts.  See 91st Ill. Gen. Assem., House Bill 1327, 1999 Sess.; 91st Ill. Gen. Assem., House Bill 4020, 2000 Sess.; 91st Ill. Gen. Assem., Senate Bill 1303, 2000 Sess.  Objectors suggest that, because the changes proposed by these bills were directed at the tax objection procedures of the Tax Code instead of the intervention provisions of the Civil Code, the legislature could not have intended to permit the Park District to intervene unless it alleged that the State's Attorney's representation was inadequate.  We disagree.

As initially proposed, the bills cited by objectors would have amended sections 23--15 and 23--30 of the Tax Code (35 ILCS 200/23--15, 23--30 (West 1998)) in three ways.  First, the bills would have allowed a taxing district to intervene by filing an appearance in the case with notice.  Second, they would have made the taxing district responsible for its defense, relieving the State's Attorney of this duty.  Finally, they would have permitted the taxing district to participate in the court conference with the objector.  However, because these bills were never enacted, objectors' reliance on them is unpersuasive.  Even if the proposed legislation had been enacted, it would have merely made it easier for a taxing body to intervene in a tax objection case.  Instead of having to meet the requirements of section 2--408(a)(2) or section 2--408(a)(3) of the Civil Code to intervene, a taxing body would only have to file an appearance with notice.  In other words, a taxing body would be allowed to intervene as of right in tax objection cases under section 2--408(a)(1) of the Civil Code (735 ILCS 5/2--408(a)(1) (West 1998)), which allows intervention as of right when a statute confers an unconditional right to intervene.  The proposed legislation would not have affected the right to intervene pursuant to section 2--408(a)(3) of the Civil Code (735 ILCS 5/2--408(a)(3) (West 1998)).  Accordingly, we reject objectors' position.

Finally, objectors claim that allowing intervention in the absence of fraud or inadequate representation by the State's Attorney's office "attempt[s] to subvert the procedure contained in Section 23-30" of the Tax Code (35 ILCS 200/23--30 (West 1998)).  As noted, section 23--30 allows the State's Attorney to compromise tax objections.  The r
esolution of this issue is premature since the Park District has not yet been permitted to intervene.  I
ndeed, we emphasize that nothing in our decision requires the trial court to grant the Park District the right to intervene if the Park District does not satisfy the remaining requirements for intervention under section 2--408(a)(3) of the Civil Code.  To the extent that the trial court determines that the Park District has met the requirements for intervention under section 2--408(a)(3), nothing in our decision gives the Park District the right to control the litigation.

To summarize, we answer the certified question in the negative.  That is, a petitioner for intervention need not allege that representation by the State's Attorney is inadequate in a tax rate objection case under section 23--10 of the Tax Code in order to be considered for intervention as of right under section 2--408(a)(3) of the Civil Code.  We therefore remand the cause for further proceedings consistent with this opinion.

Certified question answered; cause remanded.

GEIGER and O'MALLEY, JJ., concur.